JEANINE B. NADEL, County Counsel   SBN 106996
FRANK ZOTTER JR., Chief Deputy   SBN 108721
County of Mendocino - Administration Center
501 Low Gap Rd., Room 1030
Ukiah, CA  95482

Tel.: (707) 463-4446
Fax: (707) 463-4592

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DUNN,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES NOE, WILLIAM C. RUTLER, ANTHONY CRAVER, KEVIN BROIN, TOM ALLMAN, GREG SAGER,<br><br>    Defendants. | No. C 07-3559 JCS<br><br>Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6)<br><br>DATE:    October 26, 2007<br>TIME:    9:30 a.m.<br>CTRM:    Courtroom A, 15th Floor |

**Table of Contents**

Table of Contents ............................................................................................................................. i

Table of Authorities ........................................................................................................................ ii

Introduction......................................................................................................................................1

Statement of the Case and Statement of the Facts ..........................................................................2

      The Criminal Prosecution ...................................................................................................2

      The Forfeiture Cases/Disposition of Property ...................................................................3

      Dunn's First Federal Lawsuit ............................................................................................3

      The State Court Lawsuit ....................................................................................................3

<u>Argument</u> .........................................................................................................................................6

    1.    Legal Standard for a Motion
          under F.R.C.P. Rule 12(b)(6)..................................................................................6

    2.    This Court Should Dismiss Dunn's Lawsuit
          Because He Has Already Litigated the
          Claims for which He Seeks Recovery. .................................................................7

    3.    This Court Should Dismiss This Lawsuit Based on the
          Statute of Limitations for § 1983 Claim ...............................................................9

    4.    Alternatively, this is an Appropriate Case for
          *Colorado River* Abstention................................................................................10

Conclusion .....................................................................................................................................12

# Table of Authorities

**Cases**                                                                                                    Page

*Acuña* v. *Regents of the University of California* (1997) 56 Cal.App.4th 639............................9

*Allen* v. *McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).......................................8

*Boyer* v. *Jensen* (2005) 129 Cal.App.4th 62................................................................................10

*Burford* v. *Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) ............................11

*Colorado River Water Conservation District* v. *United States*, 424 U.S. 800,
47 L.Ed.2d 483, 96 S.Ct. 1236 (1976)...........................................................................................11

*Conley* v. *Gibson* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)................................................8

*Dash, Inc.* v. *Alcoholic Beverage Control Appeals Board*,
683 F.2d 1229 (9th Cir.1982). ........................................................................................................8

*In re Marriage of Sweeney* (1999) 76 Cal.App.4th 343 ...............................................................3

*Moses Cone Hospital* v. *Mercury Construction Corporation*,
460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)..................................................................11, 12

*Newton* v. *County of Napa* (1990) 217 Cal.App.3d 1551...........................................................11

*Railroad Comm'n of Texas* v. *Pullman Co.*, 312 U.S. 496,
61 S.Ct. 643, 85 L.Ed. 971 (1941).................................................................................................11

*United States* v. *City of Redwood City*, 640 F.2d 963 (9th Cir. 1981).........................................7

*Usher* v. *City of Los Angeles*, 828 F.2d 556 (9th Cir. 1987) ........................................................7

*Western Mining Council* v. *Watt*, 643 F.2d 618 (9th Cir. 1981) ..................................................7

*Will* v. *Calvert Fire Insurance Co.*, 437 U.S. 655, 98 S.Ct. 2552,
57 L.Ed.2d 504 (1978)..............................................................................................................11, 12

*Wilson* v. *Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) .................................11

*Wilton* v. *Seven Falls Company*, 515 U.S. 277, 115 S.Ct. 2137,
132 L.Ed.2d 214 (1995)..................................................................................................................11

*Younger* v. *Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).....................................11

Statutes and Rules of Court

18 U.S.C. § 924................................................................................................................................2

| | |
|---|---|
| 1 | 21 U.S.C. § 841..................................................................................................................2 |
| 2 | 26 U.S.C. § 5861, subd. (d)...............................................................................................2 |
| 3 | 26 U.S.C. § 5861, subd. (f) ...............................................................................................2 |
| 4 | 42 U.S.C. § 1983 ....................................................................................................... 4, 7-10 |
| 5 | Cal. Code of Civil Procedure Code § 340, subd. (3) .....................................................9 |
| 6 | Cal. Code of Civil Procedure Code § 335.1 ................................................................10 |
| 7 | Cal. Government Code § 818.2....................................................................................10 |
| 8 | Federal Rules of Civil Procedure, Rule 12(b)(6) ...............................................6, 9, 12 |

Introduction

This action arises from plaintiff Michael Dunn's 1993 arrest for a variety of offenses, including cultivation of marijuana and possession of destructive devices, for which he was eventually prosecuted in federal court. Following his conviction, Dunn served approximately 6 years in federal custody and was released in 2000. The County of Mendocino Marijuana Eradication Team (hereinafter "COMMET") had seized a variety of items from Dunn's property during the 1993 arrest and subsequent prosecution. The County initiated forfeiture proceedings regarding this property, which ultimately were dismissed for lack of prosecution.

Although some non-contraband items were returned to Dunn, his attempt to reclaim other items, such as several weapons, was unsuccessful. Following the dismissal of the forfeiture cases in 2002 for lack of prosecution, in early 2003 Dunn initiated a case in state court seeking the return of this property.[1] Following some intermediate dismissals and appellate reinstatements, that matter went to trial in June, 2007 in Mendocino County Superior Court. The superior court ordered that $1,000 seized in 1993 but never forfeited be returned to Dunn, along with interest; the court otherwise denied relief. That decision went to judgment in August, 2007.

Even though he has had his "day in court," Mr. Dunn has now filed the present action. Because he has been litigating these same claims in state court for several years, and because any arguable statute of limitations long ago passed for some independent federal action, this court should dismiss the present lawsuit.

Statement of the Case and

Statement of the Facts

Because it bears upon the viability of plaintiff's lawsuit, defendants will set forth a combined statement of the case and of the facts (which are essentially the same at this point) summarizing the events that led to plaintiff's incarceration and the two prior lawsuits he filed regarding the search of his property and seizures made therefrom:

/ / /

---

[1] As will be discussed *infra*, Dunn also initiated a federal lawsuit against Deputy James Noe in this same court in 2002 that was dismissed on statute of limitations grounds.

The Criminal Prosecution.

On March 11, 1993, plaintiff Dunn was arrested by the Ukiah Police following an incident at the Radio Shack in Ukiah. Dunn had asked a Radio Shack employee to call 911 to report that someone was parked illegally in a handicapped space.[2] After the police arrived and began to speak with plaintiff, they noticed a knife on Dunn's person, and asked that he hand it over. When he objected to giving it to the officers, they attempted to take it by force and discovered he was also in possession of a concealed firearm.[3]

Dunn was arrested for the concealed firearm, and based on illegal weapons discovered in his vehicle, a search warrant was obtained for his residence. That search yielded 825 marijuana plants in a subterranean cement bunker, and a large cache of weapons including two grenade launchers, three destructive devices, several machine guns, and more than a dozen other firearms.[4]

In 1994, case CR 93-00270-CAL, a jury convicted Dunn of cultivation of marijuana in violation of 21 U.S.C. § 841, subd. (a)(1), use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924, subd. (c)(1), possession of an unregistered machine gun and destructive devices in violation of 26 U.S.C. § 5861, subd. (d), and manufacture of destructive devices in violation of 26 U.S.C. § 5861, subd. (f).[5] Judge Charles A. Legge sentenced Dunn to 97 months in federal prison.[6] Dunn's conviction of the § 924 charge was overturned by the Ninth Circuit; in all other respects, his conviction was affirmed.[7]

---

[2] *United States* v. *Dunn*, 120 F.3d 269, WL 409535 (9th Cir.1997), *United States* v. *Dunn*, p.1 (Request for Judicial Notice, Exhibit A, hereinafter cited as "RJN" with reference to the applicable exhibit.) Most of these preliminary facts are found in the memorandum opinion in that case, the two state appellate cases that resulted from Dunn's superior court case, or the tentative decision issued following the trial in superior court. Although all of these cases are unpublished, defendants rely upon them here only for their recitation of the facts, both as to Dunn's arrest and conviction and the civil cases that arose following his release. In addition, under Ninth Circuit Rule 36-3, unpublished decisions, dispositions, and orders may be cited "when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion," both of which apply here.
[3] *United States* v. *Dunn*, p. 2, RJN Exhibit A.
[4] *United States* v. *Dunn*, p. 2, RJN Exhibit A.
[5] *United States* v. *Dunn*, p. 2, RJN Exhibit A.
[6] *United States* v. *Dunn*, p. 2, RJN Exhibit A.
[7] *United States* v. *Dunn*, p. 3, RJN Exhibit A.

The Forfeiture Cases/Disposition of Property.

The Mendocino County District Attorney filed forfeiture cases regarding the weapons found in Dunn's vehicle, and weapons and other property (including cash), seized during the search of Dunn's property (*People* v. *Cobray .37mm Grenade Launcher*, case no. SCUK CVG 93-67033; *People* v. *$1,014.76*, case no. CV 66858; *People* v. *Honda EM 5000 SX Generator S/N#EA7-100453286*, case no. CV 67034) in 1993.[8] Case no. CV 66858 was dismissed on June 15, 1994.[9] For reasons not entirely clear today, the District Attorney's Office voluntarily suspended action on the other two forfeiture cases (nos. CV 67033 and CV 67034), and the superior court dismissed them on December 20, 2002 for lack of prosecution.[10] After Dunn was released, on October 30, 2000, 14 items were returned to him,[11] including one of the generators and a wire feed welder.[12]

In the meantime, many of the items of weaponry were destroyed in the 1999-2000 time frame when the Sheriff's Office sought and obtained a court order re: destruction from the superior court.[13] (The Sheriff's Office may have been unaware of the District Attorney's unilateral suspension of the forfeiture case.) At the time of the superior court trial on Dunn's state case (no. 03-89762), the only non-cash items in the possession of the Mendocino County Sheriff were eight weapons and some ammunition.[14] All of those weapons are either automatic or semi-automatic firearms.[15]

Dunn's First Federal Lawsuit.

The first lawsuit that Dunn filed regarding the property seized in 1993 was filed in this same U.S. District Court before the Hon. Martin Jenkins, on January 3, 2002, district court case no. CV-02-00043-MJJ, also against *inter alia* defendant James Noe.[16] Apparently on the court's own

---

[8] *Dunn* v. *County of Mendocino* ("*Dunn I*"), case no. A105280 (unpublished state appellate decision, 2004 (RJN Exhibit F), p. 2.
[9] *Dunn I*, p. 2, RJN Exhibit F.
[10] *Dunn I*, p. 2, RJN Exhibit F.
[11] *Dunn I*, p. 3, fn. 2, RJN Exhibit F.
[12] Tentative decision of the Superior Court in *Dunn* v. *Mendocino County*, case no. SCUK CVPT 03-89762 (July 9, 2007), p. 2, ¶4 (RJN Exhibit H).
[13] See, Court Order dated January 12, 2000 in Case No. 93-8097, RJN Exhibit B.
[14] Tentative decision in *Dunn* v. *Mendocino County*, p. 2, RJN Exhibit H.
[15] Tentative decision in *Dunn* v. *Mendocino County*, pp. 2-3, RJN Exhibit H.
[16] Civil Docket for *Dunn* v. *Noe* et al., CV-02-00043-MJJ (item 1), RJN Exhibit C.

motion, the case was dismissed approximately six weeks later.[17] The Ninth Circuit affirmed that decision on March 19, 2003. According to the Ninth Circuit's decision, the lawsuit was a "42 U.S.C. § 1983 action alleging defendants improperly seized materials from Dunn's property without a hearing in 1993."[18] The opinion later states that the date of this seizure was March 12, 1993—the date of the search resulting from the incident at Radio Shack on March 11.[19]

The State Court Lawsuit.

As noted *supra*, the two remaining forfeiture cases (CV 67033 and CV 67034) were dismissed on December 20, 2002.[20] The superior court had issued an order to show cause re: dismissal in each of the two cases on November 19, 2002.[21] On December 2, 2002, Dunn filed a "Motion for Return of Property Held for Civil Forfeiture" in each of the forfeiture cases seeking to have property returned.[22] Instead, the superior court dismissed those two cases for lack of prosecution in 2002. At a hearing on January 3, 2003, the court also denied the motions filed on December 2.[23]

On March 12, 2003 Dunn then filed a new lawsuit, *Dunn* v. *Mendocino County D.A*. et al.[24]

> The legal basis for Dunn's petition is unclear. The records in Dunn's two appeals to this court do not contain any complaint or summons filed or served prior to the petition. Dunn refers to the document he filed as a "petition," a "complaint," and a "motion," and repeatedly refers to himself as "movant." He fails to identify a single cause of action, or explain the legal authority for the court's jurisdiction over this matter and the named defendants.[25]

---

[17] *Dunn* v. *Noe* et al., 59 Fed.Appx. 944 (9th Cir. 2003).
[18] *Id*.
[19] *Id*.
[20] *Dunn I*, p. 2, RJN Exhibit F.
[21] *Dunn I*, p. 4, RJN Exhibit F.
[22] *Ibid*.
[23] *Dunn I*, p. 2, RJN Exhibit F.
[24] *Dunn* v. *Mendocino County D.A.*, et al., case no. SCUK CVPT 03-89762. Both appellate cases and the later judgment are all captioned "*Dunn* v. *County of Mendocino*," but they are appeals from this same lawsuit. Defendants will refer to them by that title elsewhere in this memorandum.
[25] *Dunn* v. *County of Mendocino*, ("*Dunn II*"), case no. A111098 (unpublished disposition, 2006), RJN Exhibit G.

The district attorney filed a response on March 28, and first on April 11[26] and later on May 2,[27] the superior court held two hearings regarding this "Petition." On July 1, 2003, the superior court denied the petition relying on the dismissal of the forfeiture action(s) in December, 2002, under a *res judicata* or collateral estoppel theory.[28]

Dunn appealed, and the court of appeal agreed with him that neither *res judicata* or collateral estoppel justified the dismissal of the Petition, because the dismissal of the forfeiture actions for lack of prosecution were not dismissals on the merits.[29] On December 23, 2004, the court of appeal vacated the dismissal "solely because the court's order is based on its incorrect application of the principles of res judicata and collateral estoppel."[30]

On remand, on March 18, 2005, the district attorney filed a motion for summary judgment.[31] After hearing the motion, the superior court granted it on June 16, 2005.[32] Dunn again appealed.[33] In an opinion filed May 11, 2006, the court of appeal once more reversed the trial court, finding that the district attorney's motion was defective because

> we must determine if, as the County of Mendocino argues on appeal, defendants, the moving parties below, met their initial burden of producing evidence sufficient to make a prima facie showing of the nonexistence of any triable issue of material fact. We conclude that they did not, regardless of Dunn's failure to oppose their summary judgment with his own statement of disputed facts or properly submitted evidence.[34]

Following the second remand, the matter was tried on May 23 and June 6. Following the submission of the case, the court issued a tentative decision on July 9, 2007.[35] The court concluded that if Dunn's action had been properly pleaded, "the relevant action would have been claim and delivery"[36] of the property that Dunn sought return. The court largely rejected a variety of

---

[26] *Dunn I*, pp. 2-3, RJN Exhibit F.
[27] *Dunn I*, p. 3, RJN Exhibit F.
[28] *Dunn I*, p. 3, RJN Exhibit F.
[29] *Dunn I*, p. 5, RJN Exhibit F.
[30] *Ibid*.
[31] *Dunn II*, p. 2, RJN Exhibit G.
[32] *Ibid*.
[33] *Ibid*.
[34] *Dunn II*, p. 4-5, RJN Exhibit G.
[35] Tentative decision in *Dunn* v. *Mendocino County*, RJN Exhibit H.
[36] Tentative decision in *Dunn* v. *Mendocino County*, p. 1, RJN Exhibit H.

procedural defenses, such as *res judicata* (based on *Dunn* v. *Noe*)[37] or the statute of limitations,[38] because Dunn could reasonably have relied on the pendency of the two forfeiture actions until December 20, 2002 to equitably toll any statute that would have otherwise expired.[39]  The court did find the statute of limitations to be a bar to any property that the district attorney sought to forfeit under case no. CV65858, which was dismissed in 1994.[40]

On equitable grounds, the trial court ordered that $1,000 seized during the 1993 search of Dunn's property be returned to him, with interest from December 20, 2002 (the date that the forfeiture case was dismissed).[41]  The court denied all other monetary relief based on Dunn's failure to file a state tort claim prior to the initiation of his lawsuit.[42]

The court declined to order the return of Dunn's weapons, finding that they could not be returned to him because he had two felony convictions, one in state court in 1973 and the federal case in 1994.[43]  The court also ruled that they could not be returned to anyone else because of the federal ban on private ownership of automatic weapons and the state ban on possession of semi-automatic weapons.[44]  A judgment in the case was filed on August 22, 2007.[45]  In the meantime, on July 10, 2007, Dunn initiated the instant case.

## ARGUMENT

### 1. Legal Standard for a Motion under F.R.C.P. Rule 12(b)(6)

Federal Rules of Civil Procedure, Rule 12(b)(6) provides for dismissal for failure to state a claim when it appears beyond doubt that a plaintiff can prove no set of facts to support any claim entitling her to relief.[46]  The Court must assume that the plaintiff's allegations are true and must

---

[37] *Ibid*.
[38] Tentative decision in *Dunn* v. *Mendocino County*, pp. 1-2, RJN Exhibit H.
[39] *Ibid*.
[40] Tentative decision in *Dunn* v. *Mendocino County*, p. 2, RJN Exhibit H.
[41] Tentative decision in *Dunn* v. *Mendocino County*, p. 3, RJN Exhibit H.
[42] Tentative decision in *Dunn* v. *Mendocino County*, p. 2, RJN Exhibit H.
[43] See *People* v. *Dunn* (1974) 39 Cal.App.3d 418; *United States* v. *Dunn*, 120 F.3d *supra*.
[44] Tentative decision in *Dunn* v. *Mendocino County*, pp. 2-3, RJN Exhibit H.
[45] See Request for Judicial Notice, Exhibit I.  (The judgment includes the tentative decision as an "Exhibit A.")
[46] *Conley* v. *Gibson* 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

draw all reasonable inferences in the plaintiff's favor.[47]

Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow a plaintiff to develop a case at this stage of the proceedings.[48] A court, however, need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations.[49]

2.   This Court Should Dismiss Dunn's Lawsuit Because He Has Already Litigated the Claims for which He Seeks Recovery.

As set forth in the lengthy Statement of the Case and of the Facts *supra*, this is at least the third lawsuit Dunn has filed regarding the property seized from him during the 1993 search of his residence. The first, filed in this court, was dismissed by Judge Jenkins even without the initiation of formal proceedings—a dismissal affirmed by the Ninth Circuit—because Dunn was so clearly past any statute of limitation for a § 1983 claim. (That provides an independent basis for dismissing this lawsuit, as discussed *infra*.) He then was able, despite two dismissals, to pursue what the state trial court ultimately concluded was a claim and delivery action for the return of his property; any damages remedy was precluded by Dunn's failure to file a state tort claim. The court's ruling on that case was issued on July 9 and became a judgment on August 22 of this year. The pendency of that action, coupled with the dismissal of the earlier § 1983 claim, should bar further litigation of these same claims here.

Neither the law, nor the effect of that law on Dunn's present lawsuit, could be clearer. Dunn filed his first federal lawsuit in 2002, which the Ninth Circuit described as a "42 U.S.C. § 1983 action alleging defendants improperly seized materials from Dunn's property without a hearing in 1993."[50] The present lawsuit is also captioned a "complaint under Title 42 § 1983," and asserts that "the Bill of Rights due process requires a hearing before seized property can be disposed of."[51] Other allegations refer to the property disposed of under the 2000 court order, and to information

---

[47] *Usher* v. *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).
[48] *United States* v. *City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).
[49] *Western Mining Council* v. *Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. den.*, 454 U.S. 1031.
[50] *Id*.
[51] First Amended Complaint, p. 1, ¶1.

plaintiff obtained during the litigation of the state court case that recently went to judgment about the disposition of property seized in 1993.  The earlier federal lawsuit was brought against James Noe, the same initial defendant listed here, and arises out of the same transaction.  Hence, the dismissal of the 2002 *Dunn* v. *Noe* § 1983 action bars this action now.

Federal courts have long adhered to the principles of *res judicata* and collateral estoppel as barring the re-litigation of claims or issues that were previously addressed (or that could have been addressed) in a prior action.[52]  In *Allen* v. *McCurry*,[53] for example, a state prisoner who had been convicted of criminal offenses in Missouri brought a § 1983 action against the arresting officers, claiming, among other things, that they had committed an allegedly unconstitutional search and seizure.  Although some evidence was suppressed, the plaintiff had nevertheless been convicted.

The district court had dismissed the case, but the Eighth Circuit reversed. The Supreme Court overturned the circuit court, finding that principles of collateral estoppel applied to § 1983 actions, and that state court judgments or decisions were binding on subsequent litigation on the same issue. The Supreme Court explained that "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."[54]

In the present case, as to the § 1983 action that was dismissed in 2002, any fact that could have been resolved in Dunn's favor was resolved against him.  If that case was barred in 2002, the passage of five more years certainly cannot provide him with a new opportunity to raise those issues again.  Rather, this court should find that the dismissal of the § 1983 action in 2002, without more, bars further litigation on his § 1983 claims now.

Of course, Dunn has also had a full and complete opportunity to litigate the equitable issues relating to the return of property in the recently-concluded state court proceedings.  Although that

---

[52] *Dash, Inc.* v. *Alcoholic Beverage Control Appeals Board*, 683 F.2d 1229, 1232 (9th Cir.1982).
[53] *Allen* v. *McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).
[54] *Allen* v. *McCurry*, *supra*, 449 U.S. at 94, 101 S.Ct. 411 (citations omitted).

matter is not final (because Dunn can still appeal that decision), he should not be given the opportunity to re-litigate in federal court a matter that has recently gone to judgment in state court. To allow this tactic, of course, would mean that someone could avoid the bar of *res judicata* merely by filing the federal lawsuit while the state case was still on-going. (See also the discussion below relating to abstention.)

Given that Dunn's § 1983 claim was barred in 2002, it is barred now. The 12(b)(6) motion accordingly should be granted on that basis.

3. This Court Should Dismiss This Lawsuit Based on the Statute of Limitations for the § 1983 Claim.

An independent basis to dismiss the present lawsuit is based on the same substantive basis for the District Court's dismissal of his § 1983 action in 2002—namely, the statute of limitations. As just noted, if the statute barred Dunn's claim in 2002, it is equally barred now.

In *Wilson* v. *Garcia*,[55] the U. S. Supreme Court noted that Congress had provided no specific statute of limitations for § 1983 claims. The *Wilson* court held that it was therefore appropriate to use state statutes of limitations for personal injuries, in the state where a claim arose, as the federal statute of limitations for § 1983 claims.

In California, at the time of the incidents recited in this complaint (1993 or 2000, the year that the property was disposed of under the 2000 Consolidated Courts order), the statute of limitations for personal injuries under Code of Civil Procedure § 340, subdivision (3) was one year; the same was therefore true of a § 1983 action such as this one. The California state courts are in accord.[56]

No complaint naming any of these defendants, whether in a federal cause of action or otherwise, was filed until Dunn filed his federal court action in January, 2002, approximately 2 years

---

[55] *Wilson* v. *Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254.
[56] See, *e.g., Acuña* v. *Regents of the University of California* (1997) 56 Cal.App.4th 639, 646 (one-year statute of limitations under Code of Civil Procedure § 340, subd. (3) applied to federal cause of action for violation of free speech rights); *Newton* v. *County of Napa* (1990) 217 Cal.App.3d 1551, 1563 (one year statute under § 340 applied to civil rights causes of action against county workers who investigated and pursued child abuse case against parents).

after the 2000 destruction order and nearly 9 years after the search of his property in 1993. The present lawsuit is therefore susceptible to dismissal based on the statute of limitations under *Wilson et al.*—just as Dunn's § 1983 lawsuit was in 2002.

Nor is Dunn assisted by the extension of the state personal injury statute of limitations in 2002. The California court of appeal recently addressed this issue in *Boyer* v. *Jensen*[57] in the context of a motion for judgment on the pleadings based on a statute of limitations defense.

In *Boyer*, a motorist was injured in an automobile collision that occurred in October, 2000. The plaintiff brought suit just before the one-year statute of limitations expired, in September, 2001. During discovery, the plaintiff discovered that the other driver may have been acting within the scope of employment, and added the defendant-driver's employer as a "doe" defendant. The employer answered, raising the statute of limitations as a defense, and later was dismissed on a motion for judgment on the pleadings.

In affirming the granting of the motion, the court of appeal addressed the 2002 amendment:

> Former Code of Civil Procedure section 340, subdivision (c), was amended in 2002 to delete reference to these types of claims [i.e., for personal injuries]. (See Stats.2002, ch. 448.) Actions for "injury to ... an individual caused by the wrongful act or neglect to another" are now covered by section 335.1 of the Code of Civil Procedure, which specifies a two-year statute of limitations. *The new statute does not apply to appellant's claims since legislative enlargement of a limitation period operates prospectively unless the statute expressly provides otherwise.*[58]

Obviously, if the 2002 amendment did not assist that plaintiff in *Boyer*, it does not assist Dunn here.

Indeed, except for persons with potential claims arising from the terrorist attacks of September 11, 2001, the 2002 amendment only took effect January 1, 2003, and would therefore relate only to incidents occurring after that date. Indeed, given that part of the change made by the addition of § 335.1—namely, the part relating to the terrorist incidents—*was* retroactive shows that it otherwise did *not* change the limitations period for claims arising *before* January 1, 2003. Hence, Dunn cannot rely on this change in the law, either.

---

[57] *Boyer* v. *Jensen* (2005) 129 Cal.App.4th 62.
[58] *Boyer*, *supra*, 129 Cal.App.4th at 69, fn. 3, citing *In re Marriage of Sweeney* (1999) 76 Cal.App.4th 343, 347 (emphasis added).

4.  Alternatively, this is an Appropriate Case for *Colorado River* Abstention.

Finally, even if this court were inclined for some reason not to grant this motion in its entirety, it could alternatively abstain from exercising jurisdiction and dismiss the case because of the pendency of plaintiff's earlier lawsuit in state court. The filing of this lawsuit a day after the tentative ruling in that case suggests that, if nothing else, this is a proper case for *Colorado River*[59] abstention.

In *Colorado River*, the federal government instituted a lawsuit to resolve certain water rights issues involving Indian tribes that had already been pending in the state courts. In light of the pending state proceedings, the district court abstained from the exercise of jurisdiction, a decision ultimately upheld by the U.S. Supreme Court.

Even though the Supreme Court found that none of the traditional bases for abstention (*Pullman*,[60] *Burford*,[61] or *Younger*[62]) applied,[63] the court found abstention proper based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."[64] The court enunciated several factors to be considered in making this decision, including the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which the respective lawsuits were initiated.[65]

*Colorado River*'s principles were also applied in *Will* v. *Calvert Fire Insurance Co.*,[66] in which the party that had initiated a declaratory judgment case in state court then filed a new lawsuit on the same issue in federal court, adding some new federal causes of action. The Supreme Court, although remanding the case, held that the decision whether to abstain such cases "is largely committed to the discretion of the district court."[67]

---

[59] *Colorado River Water Conservation District* v. *United States*, 424 U.S. 800, 47 L.Ed.2d 483, 96 S.Ct. 1236 (1976).
[60] *Railroad Comm'n of Texas* v. *Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).
[61] *Burford* v. *Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).
[62] *Younger* v. *Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).
[63] *Colorado River, supra,* 424 U.S. at 814-817; 96 S.Ct. at 1244-1246.
[64] *Colorado River, supra,* 424 U.S. at 817; 96 S.Ct. at 1246.
[65] *Colorado River, supra,* 424 U.S. at 818; 96 S.Ct. at 1247.
[66] *Will* v. *Calvert Fire Insurance Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978).
[67] *Will* v. *Calvert Fire*, 437 U.S. at 664, 98 S.Ct. at 2558.

Memorandum of Points And Authorities in Support of Motion to Dismiss Pursuant to Federal Rule 12(b)(6)

The continuing vitality of *Colorado River* is shown by more recent decisions that continue to rely on its principles.[68] Even *Moses Cone Hospital* v. *Mercury Construction Corporation*,[69] which found an abuse of discretion in the granting of a stay of litigation by the district court (also concluding that *Will* had not expanded the scope of *Colorado River*), noted, "The reasoning of the Courts of Appeals in this case and in [*Will*]—that the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*—has considerable merit."[70]

The vexatious nature of the present case is patent. Plaintiff first filed a federal court case that was dismissed. He then litigated many of the same issues in state court over the ensuing five years. Now that that case has gone to trial, he has filed another federal suit for damages arising from the same events. Thus, unlike both *Moses Cone* and *Will*, the present case involves not *reactive* litigation—federal litigation filed as a defensive move by the defendant in the state proceeding—but *repetitive* litigation, in which the plaintiff has initiated two (or three) cases seeking recovery for conduct arising out of the same events.

This court need not, of course, even consider these principles. There are sound legal reasons to dismiss plaintiff's lawsuit before even reaching the issue of abstention. Nevertheless, were there any doubt about the propriety of leaving any of this case to be litigated, this court should instead exercise its discretion to dismiss the case and allow plaintiff to pursue the matter in the state forum in which he has been litigating for more than 4 years.

## Conclusion

Based upon the foregoing, under Federal Rule 12(b)(6), defendants request that this court dismiss plaintiff's complaint in its entirety.

JEANINE B. NADEL
County Counsel

---

[68] See, e.g., *Wilton* v. *Seven Falls Company*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).
[69] *Moses Cone Hospital* v. *Mercury Construction Corporation*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).
[70] *Moses Cone Hospital,* 460 U.S. at 17, 103 S.Ct. 927 at 937, fn. 20 (emphasis added).

1  DATED: September    , 2007        By _____/s/_____
2                                          Frank Zotter Jr., Chief Deputy
                                           Attorneys for Defendants