59 Fed.Appx. 944
59 Fed.Appx. 944, 2003 WL 1506488 (C.A.9 (Cal.))
**(Cite as: 59 Fed.Appx. 944)**

Page 1

Dunn v. Noe
C.A.9 (Cal.),2003.

This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)

United States Court of Appeals,Ninth Circuit.
**Michael Allan DUNN**, Plaintiff-Appellant,
v.
James NOE; et al., Defendants-Appellees.
**No. 02-16849.**
D.C. No. CV-02-00043-MJJ.

Submitted March 10, 2003.*

Decided March 19, 2003.

State prisoner appealed from a judgment of the United States District Court for the Northern District of California, Martin J. Jenkins, J., dismissing his § 1983 action. The Court of Appeals held that prisoner's § 1983 action alleging that defendants improperly seized materials from his property without a hearing in 1993 was time barred since prisoner did not file his complaint until 2002.

Affirmed.
West Headnotes
**Limitation of Actions 241 58(1)**

241 Limitation of Actions
    241II Computation of Period of Limitation
        241II(A) Accrual of Right of Action or Defense
            241k58 Liabilities Created by Statute
                241k58(1) k. In General. Most Cited Cases

State prisoner's § 1983 action alleging that defendants improperly seized materials from his property without a hearing in 1993 was time barred since prisoner did not file his complaint until 2002. 42 U.S.C.A. § 1983; West's Cal.C.C.P. § 352.1.

Appeal from the United States District Court for the Northern District of California, Martin J. Jenkins, District Judge, Presiding.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM**

**\*1** California state prisoner Michael Allan Dunn appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging defendants improperly seized materials from Dunn's property without a hearing in 1993. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Johnson v. California,* 207 F.3d 650, 653 (9th Cir.2000) (per curiam), and we affirm.

The district court properly dismissed Dunn's action as time-barred because all of the allegations stem from incidents occurring on or about March 12, 1993, and Dunn did not file his complaint until January 3, 2002. *See id.;* Cal. Civ. Pro.Code § 352.1.

Dunn's remaining contentions lack merit.

**AFFIRMED.**

C.A.9 (Cal.),2003.
Dunn v. Noe
59 Fed.Appx. 944, 2003 WL 1506488 (C.A.9 (Cal.))

END OF DOCUMENT

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT D**