```
 2 │ MICHAEL DUNN
   │ IN PRO PER                              FILED
 3 │ P.O. BOX 1468
 4 │ LAYTONVILLE, CA                       MAR 1 2 2003
 5 │    95454                         CLERK OF MENDOCINO COUNTY
                                      SUPERIOR COURT OF CALIFORNIA
 6 │
 7 │    SUPERIOR COURT OF CALIFORNIA, COUNTY OF MENDOCINO
 8 │                  UKIAH BRANCH
 9 │                            SCUK CVPT - '03-89762
10 │ MICHAEL DUNN           PETITION FOR RETURN OF
11 │    Plaintiff,          PROPERTY SEIZED EARLY
12 │ VS.                    MARCH, 1993
13 │ MENDO CNTY D.A. VROMAN et. al.
14 │ SHER CRAVER
15 │      Defendant,        DATE: APRIL 11, 2003
16 │                        TIME: 9:30 A.M.
17 │                        DEPT: E
```

EXHIBIT E

COURTS LOOK TO THE SUBSTANTIAL RIGHTS OF THE PARTIES FOR THE PURPOSE OF DETERMINING THE REMEDY TO WHICH THEY ARE ENTITLED, IRRESPECTIVE OF THE FORM OF THE COMPLAINT UNDER WHICH THE REMEDY IS SOUGHT
<u>PASCOE v MORRISON</u>  219 C 54, 25 P2d 9

MUCH OF MY PROPERTY WAS HELD FOR CIVIL FORFEITURE BUT WAS DESTROYED/DISPERSED BY JAN 2000 COURT ORDER WHICH WAS A PARALLEL ACTION AND SHOULD BE ABATED

OTHER PROPERTY WAS JUST HELD BY THE SHER DEPT AND THEY DIDN'T RETURN IT INSPITE OF REPEATED REQUESTS

*Michael Lin*
MARCH 12, 2003

1. STATE SUPERIOR COURT OF CALIFORNIA, COUNTY OF MENDOCINO
2. MICHAEL DUNN
3.     Petitioner
4.     VS
5. SHER CRAVER
6. MENDO. CNTY. D.A. VROMAN et. al.
7.     Defendants

9. PETITION FOR RETURN OF PROPERTY SEIZED MARCH 1993

11.     WITHIN THE FORM OF A SINGLE ACTION MANY ACTIONS
12. MAY BE BROUGHT WITH DIFFERENT PERIODS OF LIMITA-
13. TIONS AND WITH DIFFERING MEASURES OF DAMAGES
14.     PICHFORD CO. v BAYLY BROS, INC, 12 C2d 501, 86 P2d 102

16.     PROPERTY SEIZED MARCH 1993 BY UKIAH POLICE DEPT AND
17. COMET AND HELD UNDER 93-0897, 93-F-043, CV66858, CV 67033
18. AND CV67034 BY MENDO D.A.'S OFFICE IS ASKED RETURNED.
19.     PROPERTY CONFISCATED BY 93-F-043 WAS NOT CHALLENGED BY
20. MOVANTS ATTORNEY AT THE TIME AS MYRON SAWICKI MALICIOUSLY
21. TOLD OF INTENTION TO FILE "FELON IN POSSESSION" CHARGES (EXHIBIT A)
22. BASED ON A 1974 CONVICTION EVEN THOUGH FILE HAD ORDER BY JUDGE
23. O'BRIEN RETURNING PISTOL TO MOVANT IN 1979 (EXH B). THIS WAS
24. LACK OF INTEGRITY AND FEDS WHO TOOK CASE DID NOT CONVICT OF
25. FELON IN POSSESSION. MOVANT WAITED UNTIL NOW TO SERIOUSLY
26. CHALLENGE THIS SEIZURE AS D.A. COULD HAVE REFILED CHARGES
27. AND JAILING WOULD HAVE WRECKED HARDSHIP WHERE TRIAL WAS
28. PENDING. THERE WERE NO CONVICTIONS RELATING TO PROPERTY SEIZED.

    1/4

POTENTIAL REVENUE SHOULD NOT JEOPARDIZE INTEGRITY OF INVESTIGATION    H+S §11469(a)

STATUTES IMPOSING FORFEITURES ARE NOT FAVORED AND ARE TO BE STRICTLY CONSTRUED IN FAVOR OF THE PERSONS WHOM THEY ARE SOUGHT TO BE IMPOSED.
   PEOPLE vs. $28,500  51 Cal. App 416, 463-464

ALSO $1014.76 WAS SEIZED BY 93-0897 (DISMISSED EXH C) AND MOVANT HAS REPEATEDLY ASKED RETURN OF THAT (EXH D). MOVANT ASKS COMPOUNDED INTEREST ON THAT MONEY ALSO (EXH E).

GOVERNMENT MUST ESTABLISH SOME NEXUS BETWEEN SEIZED CURRENCY AND NARCOTICS TRANSACTION IF CLAIM- ANT MOVES FOR RETURN OF CURRENCY IN STATE FORFEITURE PROCEEDINGS   PEOPLE vs $45,050 17 Cal. App 4th 1319

ALSO MOVANT REPEATEDLY ASKED RETURN OF PROPERTY "JUST HELD" BY SHER DEPT 93-0897 BUT IT WAS NOT RETURNED (GUN PARTS, X-VIDEOTAPES, BATTERIES ETC). I WANT IT!
   ALSO $1000, GENERATOR (EXH F) HELD BY CV67034 (DISMISSED DEC 20, 2002 EXH G) MUST BE RETURNED AS THE ORDER OF JAN 12, 2000 (EXH H), OF WHICH MOVANT WAS NOT INFORMED UNTIL FEBR 2003, WAS ISSUED WHILE CV67034 WAS PENDING, PREDICATED ON THE SAME CAUSE OF ACTION BETWEEN THE SAME PARTIES, AND ABATEMENT IS PROPER (EXH I). MOVANT WILL ACCEPT NEW VALUE OF GENERATOR + TAX AND $1000 + COMPOUNDED INTEREST.
   2/4

ALSO COBRAY GRENADE LAUNCHER ETC (IS A LEGAL FLARE LAUNCHER) HELD BY CV 67033 (EXH J) AND DISMISSED DEC 20, 2002 (EXH H) MUST BE RETURNED AS THE ORDER OF JAN 12, 2000, OF WHICH MOVANT WAS NOT NOTIFIED OF UNTIL FEBR 2003, WAS ISSUED WHILE CV67033 WAS PENDING, PREDICATED BY THE SAME CAUSE OF ACTION BETWEEN THE SAME PARTIES, AND ABATEMENT IS PROPER. GUNS CANNOT BE CONFISCATED UNDER § 12028 (WHILE USED IN THE COMMISSION OF A CRIME) AS MOST WERE BURIED, MOVANT HAD NO FELONY RECORD AND 9th CIRCUIT RULED GUNS WERE NOT USED OR CARRIED (EXH L).

MOVANT WILL NOT JUST ACCEPT CASH FOR WRONGFULLY DISPOSED/DISTRIBUTED ITEMS AS MANY CAN BE LEGALLY OWNED BY MOVANT BUT CANNOT BE PURCHASED ANYMORE AND MANY ARE UNIQUE ITEMS (WHICH THE NOBLE PEOPLE OF COMET MOST LIKELY TOOK HOME). THE PROCESS OF NON DISCRIMINATORY SEIZURE AND THEN DISPOSITION WITHOUT A HEARING IS SIMPLE LOOTING.

DISPOSITION WITHOUT A HEARING, RECKLESS SAME CAUSE OF ACTIONS WHICH MUST BE ABATED, FAILURE TO NOTIFY MOVANT OF ACTIONS AFFECTING FORFEITURE, VIOLATION OF H+S RULES, DISPOSITION OF ITEMS NOT RELATED TO ANY CRIME AND FAILURE TO RESPOND TO REPEATED REQUESTS FOR THE RETURN OF PROPERTY DEMANDS MORE THAN SIMPLE CASH COMPENSATION. A COURT MAY PROVIDE EQUITABLE RELIEF WHERE THE LAWS STATE NO PENALTY FOR MALFEASANCE BY AUTHORITIES.

A COMPLAINT NEED NOT STATE A CAUSE OF ACTION FOR THE RELIEF WHICH THE PLAINTIFF SEEKS, PROVIDED THE FACTS SHOW SOME RIGHT OF RECOVERY, AND A

3/4

PARTY CANNOT BE THROWN OUT OF COURT MERELY BECAUSE HE MAY HAVE MISCONCEIVED THE FORM OF RELIEF TO WHICH HE IS ENTITLED.
WATERS v WOODS 5 CA2d 463, 42 P2d 1072

MOVANT AFIRMS UNDER PENALTY OF PERJURY ALL ABOVE IS TRUE

*Michael Lu*
MAR 12, 2003

COPIES OF FILED MOTION HAND DELIVERED TO:
MENDO CNTY D.A. OFFICE, CNTY COURTHOUSE, UKIAH
SHER DEPT, UKIAH

4/4