Not Reported in Cal.Rptr.3d                                                                 Page 1
Not Reported in Cal.Rptr.3d, 2004 WL 2966657 (Cal.App. 1 Dist., 2004)
**(Cite as: Not Reported in Cal.Rptr.3d)**

Dunn v. County of Mendocino
Cal.App. 1 Dist., 2004.

Only the Westlaw citation is currently available.

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

Court of Appeal, First District, Division 2, California.

Michael **DUNN**, Plaintiff and Appellant,
v.
**COUNTY OF MENDOCINO**, et al., Defendants and Respondents.
No. A105280.

(Mendocino County Super. Ct. No. 03-89762).

Dec. 23, 2004.

Myron Sawicki, DA Mendocino County, Frank Edward Zotter, Office of County Counsel, Ukiah, CA, for Defendant-Respondent.

LAMBDEN, J.

*1 Plaintiff and appellant Michael Dunn (appellant) appeals the lower court's December 5, 2003, order denying his "Petition for Return of Property Seized Early March, 1993," filed on March 12, 2003. The order, which states no grounds for the denial, was issued following the court's July 1, 2003, ruling denying appellant's petition as barred by the principles of res judicata and collateral estoppel.

Appellant identifies a number of issues for our consideration. These issues largely address the merits of the claims he has made below rather than the propriety of the lower court's order. Nonetheless, appellant does challenge the court's order. For example, appellant contends that the lower court gave him the " 'bums rush' and did not consider all relief entitled to even if not stated correctly in the form of the complaint," and that "it is the county which should be barred res judicata." We understand appellant to contend by his arguments that the lower court committed legal error by denying his petition as barred by the principles of res judicata and collateral estoppel. We find that the lower court committed legal error by doing so, vacate the order and remand this matter to the lower court for further proceedings.

We do not mean to suggest that appellant's petition is or is not defective in some other respect, nor do we mean to suggest that any of his other legal or factual contentions have merit. We vacate the court's order and remand this matter solely because the court's order is based on its incorrect application of the principles of res judicata and collateral estoppel.

**BACKGROUND**

On March 12, 2003, appellant, appearing in pro per as he has throughout the proceedings below and in these appellate proceedings, filed his petition with the Mendocino County Superior Court. The petition consists of a six-page handwritten document on pleading paper and twenty pages of exhibits. In his petition, appellant identifies himself as "Plaintiff" and names as "Defendant" "Mendo Cnty D.A. Vroman et. al. Sher Craver." Papers subsequently filed by appellant with the lower court, as well as the lower court's ruling and order, identify appellant as plaintiff and the County of Mendocino, Sheriff Tony Craver and District Attorney Norm Vroman as

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT F

Not Reported in Cal.Rptr.3d
Not Reported in Cal.Rptr.3d, 2004 WL 2966657 (Cal.App. 1 Dist.)
(Cite as: Not Reported in Cal.Rptr.3d)

Page 2

defendants. The court filed the petition in an action numbered SCUKCVPT-03-89762, and set a hearing on the petition for April 11, 2003.[1]

In his petition, appellant seeks the return of, compensation for and/or equitable relief regarding, property he claims was seized by the Ukiah Police Department and "COMET" (a reference to the "County of Mendocino Marijuana Eradication Team"), and purportedly held by the Mendocino County District Attorney in five different matters, numbered 93-0897, 93-F-043, CV66858, CV67033 and CV67034. The gist of appellant's petition is that government authorities are wrongfully holding, or have wrongfully disposed of or distributed, certain items seized from him in March 1993, around the time of his arrest on criminal charges, without regard for appellant's alleged rights to notice and a hearing, which items include money, numerous firearms and weapons, ammunition, a generator, gun parts, and other possessions. Appellant contends that the items were not related to any crime, or his claimed repeated requests for their return, and that he should be given back the items wrongfully held, and should be given compensation or granted unspecified equitable relief for the items wrongfully disposed of or distributed.

*2 Appellant's petition exhibits, among other things, include a copy of a letter on Mendocino County Coordinated Courts letterhead dated May 28, 1997, which states that Case No. CV 66858, an asset forfeiture case involving seized monies, was dismissed on June 15, 1994, and copies of Mendocino County Superior Court clerk's minutes indicating that two civil asset forfeiture actions previously filed by the People, numbered SCUK-CVG-93-67033 (CV67033) and SCUK-CVG-93-67034 (CV67034), were dismissed on December 20, 2002, at an order to show cause re dismissal hearing in which the People, but not the appellant, appeared.

On March 28, 2003, a "Response to Plaintiff's Petition for Return of Property Seized Early March, 1993 and Request for Judicial Notice" was filed by "Defendant Mendocino County District Attorney DA Vroman" (Vroman). Vroman contended that appellant was attempting to relitigate the same issues as those dismissed by the court on January 3, 2003, in CV67033, when the court purportedly denied appellant's "Motion for Return of Property Held for Civil Forfeiture in Mendocino County Superior Court, case number CV 67033." Vroman requested that the court take judicial notice of "Plaintiff's Response to Claimant's Motion for Return of Property Held for Civil Forfeiture on file in Mendocino County Superior Court, case number CV67033" and dismiss the present matter with prejudice. The record does not contain any filings or appearances by the other parties named in the petition in the court below.

The lower court first held a hearing on April 11, 2003. Appellant argued for the return of his property, and the People responded that Mr. Dunn, as a felon, was not entitled to possess any weapons, and that the property involved had most likely been destroyed.

---

[1] The legal nature of appellant's petition is unclear. The record does not contain any complaint or summons filed in this action prior to the petition. Appellant makes statements in the petition which indicate he intends it to be a "petition," a "complaint," and a "motion," and repeatedly refers to himself as "movant." Appellant, while citing some legal authority in the body of the petition in support of his contentions, does not cite legal authority for the court's jurisdiction over this matter and the named parties upon his filing of a "petition" alone. Indeed, the record does not contain such a citation by the appellant, other parties appearing in this action, or the court. Accordingly, we do not here determine the legal nature of appellant's petition, but note only that the petition appears from the record provided to us to be the initial pleading in a new civil action, and may be construed as a complaint for equitable relief and/or monetary damages.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in Cal.Rptr.3d                                                                                     Page 3
Not Reported in Cal.Rptr.3d, 2004 WL 2966657 (Cal.App. 1 Dist.)
**(Cite as: Not Reported in Cal.Rptr.3d)**

The court continued the matter so that it could be determined if the items of property involved still existed. The People subsequently filed an affidavit regarding the status of the items seized, prepared by Sergeant James Noe, a representative of the Mendocino County Sheriff's Office. Although the affidavit is not entirely clear, it appears that some items have been destroyed, while others are in the custody of the Sheriff and placed into official use pursuant to Penal Code section 12030, subdivision (b).[2]

The court resumed the hearing on May 2, 2003, with appellant and counsel for the People making appearances. The court referred to the items listed in Sgt. Noe's affidavit, which appellant stated contained a few inaccuracies, but was "pretty much accurate." Appellant attempted to present the court with a proposed order after hearing and a memorandum of law, which the court declined to consider because appellant had not provided the materials to the People prior to the hearing. The parties then debated whether appellant was entitled to possess the weapons he seeks, given the People's contention that he was convicted of felonies both before and after the 1993 weapons seizures,[3] and discussed the status of ammunition in possession of the Sheriff's department. At this point, the court asked appellant for his "last statement" in "the whole case." Appellant contended that certain property had been destroyed pursuant to the January 12, 2000, court order, and that the order must be abated because it was issued while two civil asset forfeiture actions regarding his property, CV67033 and CV67034, were still pending. The court declared that it would not "hear any discussion about things that have been destroyed." Although appellant indicated that he was not asking for the destroyed weapons to be returned to him, the court declared that was the "thrust of the petition." Appellant argued further, stating among other things, that he "asked the right of a hearing to present the case law and the evidence" he has showing that the guns could be returned to him, or given to a friend designated by him or sold, and that he should be awarded the stated value of certain weapons used by the Sheriff's department. (RT 9) The court then stated that it was taking the matter under submission.

*3 On July 1, 2003, the court filed its "Ruling on Petition for Return of Property." That ruling states that "[t]he items identified in this matter were also identified in a prior-filed matter: *People v. 37mm Grenade Launcher et al.* (Claimant: Michael Dunn). That prior action (Case No. 67033) was dismissed on January 3, 2003. Plaintiff is barred from proceeding in this matter by the principles of *res judicata* and collateral estoppel." The court ordered that "defendant" prepare a formal order consistent with the ruling.

The lower court denied the petition based entirely on the prior dismissal of CV67033. Our review of the record indicates that CV67033 was initiated on April 16, 1993, when appellant, as claimant, filed a claim opposing forfeiture pursuant to Health and Safety Code section 11488.5, which claim listed 64 items seized by authorities, consisting of numerous firearms and weapons, such as the Cobray .37mm Grenade Launcher, as well as ammunition, night scopes, video cameras, flak jackets, radios and other items. On May 26, 1993, the People, as plaintiff, filed a Complaint for Forfeiture of these items. On August 16, 1993, appellant answered as the real party in interest to this complaint, contending as the purported owner of these items that they were not subject to forfeiture. The action was then held in abeyance for a number of years, apparently because the parties

---
[2] The parties apparently do not dispute that 14 items were returned to appellant on October 30, 2000.
[3] Appellant contends that in fact he was not convicted of a felony prior to 1993.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in Cal.Rptr.3d                                                                                                   Page 4
Not Reported in Cal.Rptr.3d, 2004 WL 2966657 (Cal.App. 1 Dist.)
(Cite as: Not Reported in Cal.Rptr.3d)

informed the court that they had stipulated to a stay pending the outcome of federal criminal charges against the appellant.

On November 19, 2002, the court issued an "Order to Show Cause Why Complaint Should Not be Dismissed," stating that it intended on December 20, 2002, to dismiss the action "without prejudice for the failure of the parties to bring this matter to trial within five years of the commencement of the action as required by Code of Civil Procedure section 583.310." On December 2, 2002, appellant filed a "Motion for Return of Property Held for Civil Forfeiture," which was set for hearing on January 3, 2003. On December 20, 2002, with only counsel for the People appearing at hearing, the court dismissed the action. On December 27, 2002, the People filed "Plaintiff's Response to Claimant's Motion for Return of Property Held for Civil Forfeiture," seeking denial of appellant's motion as untimely for failure to provide adequate notice of hearing and, in the alternative, for a hearing on the complaint. The clerk's minutes in the record indicate that a January 3, 2003, hearing was held in SV67034 regarding a similar December 20, 2002, dismissal of the action by the court, and a similar motion by the appellant. The reporter's transcript of the January 3, 2003, hearing indicates that the court heard appellant's motions in CV67033 and CV67034 at the same time. Rather than rule on appellant's motions, the court noted the December 20, 2002, dismissals of CV67033 and CV67034 for failure to bring the action to trial within five years and stated that those dismissals would stand.[4]

*4 On August 19, 2003, before the lower court issued its formal order, appellant appealed the ruling to this court. We dismissed that appeal as premature because the lower court had not yet issued its formal order. On December 5, 2003, the lower court issued its "Order Denying Petition for Return of Property," which states in its entirety: "The 'Petition for Return of Property Seized Early March 1993' filed herein on March 12, 2003 is hereby denied." On January 6, 2004 appellant filed a notice of appeal of this order. After appellant filed his opening brief, March 29, 2004, the County of Mendocino (respondent) filed a respondent's brief, June 22, 2004.

We have also received from appellant a "Writ of Mandamus" filed in this appeal, dated September 10, 2004, which appears to be most akin to a motion requesting that we not recognize his federal felony conviction for purposes of this appeal. This issue is not relevant to our evaluation of the order given its basis as stated in the lower court's ruling and, moreover, we have not received any indication that appellant served this "writ" to respondent. (See Cal. Rules of Court, rule 41.) Therefore, we disregard this document and take no further action regarding it.

### DISCUSSION

We have summarized the proceedings below at some length in part because they are so confusing. Among other things, the record does not disclose any summons or complaint in this action. Nonetheless, appellant's "petition" was filed, opposed, considered, and denied without the parties or the court establishing the legal authority for the court's jurisdiction over this matter or the parties.

Appellant named Vroman, Sheriff Craver and the County of Mendocino as defendants. Only Vroman responded, only "the People" appeared at the hearings below, and only the County of Mendocino has responded to this appeal.

At the May 2, 2003, hearing, the court

---

[4] We do not further discuss the court files for CV67034 contained in the record, however, because neither the Court's ruling, order or its statements of the scope of its review at the petition hearing refer to that action.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in Cal.Rptr.3d
Not Reported in Cal.Rptr.3d, 2004 WL 2966657 (Cal.App. 1 Dist.)
(Cite as: Not Reported in Cal.Rptr.3d)

Page 5

focused solely on items that purportedly had been destroyed by authorities. However, appellant's petition and Sgt. Noe's declaration refer to other items, such as certain monies seized and still-existing weapons and ammunition converted to use by the authorities. Furthermore, appellant's petition indicates that he seeks monetary compensation or equitable relief for destroyed items.

The court required that appellant make all of his remaining comments "about the whole case" at the end of the May 2, 2003, hearing. It then ruled without regard for appellant's request for a further hearing where he could present evidence.

The court's July 1, 2003 ruling relies on its January 3, 2003, dismissal of CV67033, but the only dismissal of that action in the record occurred on December 20, 2002.[FN5] The court's ruling states that the items identified in the petition were the subject of CV67033, although the petition and Sgt. Noe's Declaration refer to other items, such as certain monies, videotapes, and a generator for example, that were not listed by the People in the asset forfeiture complaint it filed in CV67033. The court states nothing in its ruling about these other items.

*5 The record submitted on appeal and referred to by both appellant and respondent includes not only court files for the present action and CV67033, but also for CV67034. However, it does not appear that the court below reviewed any of CV67034's files as a part of its deliberations.

---

[5] The court may have mistakenly used the date referred to in Vroman's response to the petition, filed on March 28, 2003, which does refer to a January 3, 2003, hearing and dismissal in CV67033. Again, the record indicates only that the court noted the December 20, 2002, dismissals of CV67033 and CV67034 on that date and stated that those dismissals would stand.

One thing is clear. The court committed legal error in denying appellant's petition based on the principles of res judicata and collateral estoppel, an error not seriously defended by respondent's counsel at the hearing on this appeal. The court's prior dismissal without prejudice of CV67033 pursuant to Code of Civil Procedure section 583.310 on December 20, 2002, does not bar the present action, even assuming for the sake of argument that all of the items appellant refers to in his petition were a subject of that prior action as the court indicated in its ruling.

The res judicata and collateral estoppel doctrines can only be applied when, among other things, a prior, final determination on the merits of the same issues has occurred. "Res judicata gives conclusive effect to a *final judgment on the merits* in subsequent litigation of the same controversy. Collateral estoppel bars relitigation of an issue decided in a previous proceeding in a different cause of action if '... (2) the previous proceeding resulted in a *final judgment on the merits* ....' " (*People v. Davis,* 10 Cal.4th 463, 514-515, fn. 10, citation omitted, italics added.)

As this division has previously found, "[i]t is established California law that a dismissal for want of prosecution is not on the merits and therefore does not operate as res judicata to a subsequent proceeding. (*Gonsalves v. Bank of America* (1940), 16 Cal.2d 169, 172 [105 P.2d 118]; *Taliaferro v. Riddle* (1959) 167 Cal.App.2d 567, 569 [334 P.2d 950]; *Johnston Realty Corp. v. Showalter* (1926), 80 Cal.App.176, 180 [250 P. 289] ... and *Lord v. Garland* (1946), 27 Cal.2d 840, 850 [168 P.2d 5]; *Superior Oil Co. v. Superior Court* (1936), 6 Cal.2d 113, 117 [56 P.2d 950] involving dismissals pursuant to Code Civ. Proc., § 583, for failure to bring an action to trial within five years of filing.)" (*Mattern v. Carberry* (1960) 186 Cal.App.2d 570, 572 [dismissal for failure to prosecute within five years pursuant to since-repealed Code of Civil Procedure section 583 was not

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in Cal.Rptr.3d  
Not Reported in Cal.Rptr.3d, 2004 WL 2966657 (Cal.App. 1 Dist.)  
**(Cite as: Not Reported in Cal.Rptr.3d)**

Page 6

a final determination on the merits and, therefore, could not operate as res judicata with regard to a subsequent action]; see also *Ashworth v. Memorial Hospital* (1988) 206 Cal.App.3d 1046, 1053 [a dismissal without prejudice for failure to prosecute pursuant to since-repealed Code of Civil Procedure section 583 has no res judicata or collateral estoppel effect].)

Accordingly, a dismissal for failure to prosecute pursuant to Code of Civil Procedure section 583.310 is not a final determination on the merits. This is particularly true here, where the record indicates the dismissal involved was without prejudice.

*6 Respondent raises issues in its appellate papers regarding appellant's purported failure to exhaust his administrative remedies and the possibility that the relief he seeks is moot. However, these arguments were not the basis for the court's ruling and order, and the court made no factual or legal findings with regard to them.[6] Therefore, we do not address these arguments further here.

Again, we vacate the court's order and remand this matter solely because the court's order is based on its incorrect application of the principles of res judicata and collateral estoppel. We encourage the court to conduct further proceedings in a manner that establishes a clearer and more complete record than the one before us.

## DISPOSITION

The court's order, filed on December 5, 2003, is vacated and this matter remanded to the lower court for further proceedings.

We concur: KLINE, P.J., and RUVOLO, J.  
Cal.App. 1 Dist.,2004.

Dunn v. County of Mendocino

Not Reported in Cal.Rptr.3d, 2004 WL 2966657 (Cal.App. 1 Dist.)

END OF DOCUMENT

---

[6] For example, the court did not determine whether or not appellant has exhausted any administrative remedies that might be available to him, nor did it determine the status of his criminal record or of all the items referenced in appellant's petition.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.