

SUPERIOR COURT OF CALIFORNIA
IN AND FOR THE COUNTY OF MENDOCINO

ENDORSED-FILED
JUL - 9 2007
CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

MICHAEL DUNN,
    Plaintiff,

vs

MENDOCINO COUNTY, et. al.,
    Defendants.

Case #SCUKCVPT-03-89762

TENTATIVE DECISION

    The Court heard evidence in the above matter in a court trial on the mornings of May 23 and June 6, 2007. The Court considered various agreed upon facts as well as numerous documents submitted into evidence. The Court heard the testimony of Plaintiff on his own behalf as well as testimony from Lieutenant James Noe on behalf of the Defendants.

    This action has a complicated procedural history and, given that it arose from an arrest and searches in 1993, is also somewhat complex factually. It is based on a "Petition for Return of Property Seized Early March, 1993" filed by Mr. Dunn on March 12, 2003. Although it is difficult to compartmentalize all of the claims in the action, it is basically a claim for return of items seized from Mr. Dunn at the time of his arrest in 1993 and/or some sort of compensation for items that cannot be returned.

    Defendants raise certain matters as a bar to the lawsuit. The Defendants claim that the Plaintiff has split his claim due to a lawsuit he filed in federal court against some of the same defendants rising from the same factual scenario. The lawsuit was dismissed on statute of limitations grounds. But the Defendants did not meet their burden of showing that the federal action was based on the same harm to the Plaintiff.

    Defendants also claim that the action is barred by the Statute of Limitations and/or laches to the extent it is an equitable action. If the action had been properly pleaded, the relevant action would be for claim and delivery, for which the Statute of

EXHIBIT H

Limitations is three years. CCP Section 338, subdivision (c). Due to time spent in custody, Plaintiff would be entitled to two more years (CCP Section 352.1) so the Statute is a maximum of five years. The Statute of Limitations would be a bar to a claim in 2003 of all items seized in 1993 unless there is some other reason to toll the statute. The fact that forfeiture actions were pending against some of the items until 2002 may be such a reason.

Defendants contend that Plaintiff should have known that his claim arose when he was convicted in federal court and his agreement with Deputy District Attorney Maloney to stay the forfeiture proceedings had ended. But it is clear by his actions that Plaintiff thought the claim was still pending when he came to court in December of 2002 seeking to have items returned. Especially taking into account the equities of the situation, it is difficult for the Court to say that the Statute of Limitations ran on the claim while the forfeiture actions in CV67033 and CV 67034 were still pending. The doctrine of equitable tolling would seem to apply to this case where the plaintiff has several legal remedies and, reasonably and in good faith, pursues one. See *Addison v. State of California* (1978) 21 Cal.3d 313, *Elkins v. Derby* (1974) 12 Cal.3d 410.

As to items that were not subject to these two forfeiture actions, and also as to the $1014.76 in CV66858 (which was dismissed with prejudice on the motion of Plaintiff's attorney in 1994), the Statute of Limitations is certainly a bar to any claims of Plaintiff.

As to the items in CV67033 and CV 67034, certain items were already returned to Mr. Dunn on October 30, 2000 when he was released from prison. One of the generators and the wire feed welder in CV67034, for instance, are listed as being returned. The Court finds that the only other non-cash items in the custody of Defendants at this time are the eight firearms listed by Lt. Noe as being preserved and placed into official use, as well as ammunition for the various weapons.

As to items that are no longer in the custody of the Mendocino County, the Plaintiff's claim runs into the problem that, to the extent he is requesting money damages for the missing items, he never filed an administrative claim with the public entity. A tort claim is not subject to tolling so he had six months to file for any compensable injury. In addition, presentation of a claim to the public employer is a prerequisite for a legal action against a public employee for acts or omissions within the scope of employment. Failure to file a claim for this period of time is fatal to a cause of action for damages.

As to the weapons and ammunition that are still in possession of Defendant Mendocino County, the Court finds based on the evidence that they cannot be returned to him because he has at least a federal felony conviction, if not a state conviction, also. The evidence showed that Mr. Dunn was convicted of a felony in federal court in 1994, and the weight of the admissible evidence indicated that Mr. Dunn's conviction in state court in 1973 was also a felony.

To the extent that Mr. Dunn might seek the return of weapons to some other party pursuant to Penal Code Section 12028, the Court finds that, based on the testimony of Lt.

Noe, all of the remaining weapons are prohibited from private ownership by the federal prohibition against automatic weapons or the state prohibition against private ownership of certain semi-automatic weapons.

There is one item in CV676034 that the Defendant Mendocino County still has in some form—the $1,000 that was listed as part of that forfeiture complaint. Partly on equitable grounds, the Court orders the return of that $1,000 to the Plaintiff with interest from December 20, 2002, the date on which the forfeiture action was dismissed.

Attorney for Defendants shall prepare, serve and submit a proposed judgment consistent with this tentative decision. Since the trial in the matter took less than eight hours and neither party timely requested a statement of decision, none is required. Each side will bear its own costs.

Dated: July 9, 2007

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　DAVID NELSON
　　　　　　　　　　　　　　　　　　　　Judge of the Superior Court

PROOF OF SERVICE BY MAIL

I Sheila Valenti, declare:

I am employed in the County of Mendocino, State of California; I am over the age of eighteen years and not a party to the within action. My business address is 100 North State Street, Room 108, Ukiah, California, 95482.

I am familiar with the County of Mendocino's practice whereby each document is placed in an envelope, the envelope is sealed and placed in the office mail receptacle. Each day's mail is collected and appropriate postage affixed thereto and deposited in a U.S. mailbox at or before the close of each day's business.

On the date of this declaration, I served copies of the attached document on the below persons by placing a true copy thereof in the United States Mail, addressed as follows:

Michael Dunn
P.O. Box 1468
Laytonville, CA  95454

Mendocino County Counsel
Jeanine B. Nadel, County Counsel
Frank Zotter, Jr., Chief Deputy
501 Low Gap Road, Rm 1030
Ukiah, CA  95482
(Interoffice mail)

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was made on the 9th day of July 2007.

Benjamin D. Stough,  Court Executive Officer

Sheila Valenti, Deputy Clerk