1 | JEANINE B. NADEL, County Counsel, SBN 106996
FRANK ZOTTER JR., Chief Deputy, SBN 108721
2 | 501 Low Gap Road, Room 1030
Ukiah, California 95482
3 | Telephone: (707) 463-4446
Facsimile: (707) 463-4592
4 |

ENDORSED-FILED

AUG 2 2 2007

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA
SHEILA VALENTI

5 | Attorneys for Defendants

6

7

8 | **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9 | **COUNTY OF MENDOCINO**

10 | MICHAEL DUNN,  ) *Unlimited*
11 |                    ) Case No. SCUK CVPT 03-89762
12 |      Plaintiff,  )
13 | v.                 )
14 | MENDOCINO COUNTY, et al.,  ) **JUDGMENT AFTER COURT TRIAL**
15 |      Defendants.  )
16 |                    )

17

18 | This matter came on for trial before the court on May 23 and June 6, 2007 before the

19 | Hon. David Nelson, Judge of the Superior Court. Plaintiff Michael Dunn represented himself in

20 | propria persona; respondent was represented by Jeanine B. Nadel, County Counsel, and Frank

21 | Zotter Jr., Chief Deputy. Following oral argument, the court took the matter under submission.

22 | On July 9, 2007, the court, having considered the evidence, including testimony, various facts to

23 | which the parties stipulated, and numerous documents submitted into evidence, issued a ruling in

24 | the form shown by Exhibit "A" attached hereto, and specifically ruled as follows:

25 |      1.      The court denied the defense of the statute of limitations raised by defendants as

26 | to plaintiff's claims for the return of property regarding any items that may have been seized by

27 | the County seized on or about March 11, 1993 and that were the subject of two forfeiture actions,

28 | Mendocino County Superior Court case nos. CV 67033 and CV 67034. The court finds that the

1

**DEFENDANT COUNTY OF MENDOCINO'S PRE-TRIAL STATEMENT**

EXHIBIT I

statute of limitations was equitably tolled until those actions were dismissed by the court on December 20, 2002 under Code of Civil Procedure § 583.310.

2.     As to any property seized on or about March 11, 1993 that was not the subject of one of those forfeiture actions, the statute of limitations now bars any claim for return of property in this action by plaintiff.

3.     As to any property seized by plaintiffs on or about March 11, 1993, plaintiff is barred from receiving monetary damages for those items of property that were not returned, that may have been damaged or destroyed, or which cannot be returned to plaintiff because of his status as a convicted felon, because of his failure to file a claim under the Tort Claims Act within six months of the County's seizure of the property.

4.     The only non-cash items in the possession of defendants seized on or about March 11, 1993 and not previously returned to plaintiff are eight weapons and assorted ammunition in the possession of defendant Mendocino County Sheriff's Office.  As to the weapons and ammunition, the court found that plaintiff suffered a felony conviction in 1973 in Mendocino County Superior Court and a second felony conviction in the United States District Court in 1994.  Plaintiff is barred by 18 U.S.C.A. § 921 et seq. from owning or possessing firearms or ammunition by virtue of those convictions.

5.     To the extent that plaintiff might seek return of these weapons to a third party under Penal Code § 12028, all of the weapons in the possession of the defendants are either automatic weapons that may not be lawfully be in private ownership under federal law, or are semi-automatic weapons that fall within the State prohibition on private ownership of certain semi-automatic weapons under the Roberti-Roos Assault Weapons Control Act of 1989 (Penal Code § 12275 et seq.)  Furthermore, plaintiff testified that he had not attempted to register any of the semi-automatic firearms prior to March, 1993 as provided for in Penal Code § 12285 et seq.

6.     Defendants seized $1,000 in cash from plaintiff that was listed in case no. CV 67034 that was not successfully forfeited because that forfeiture case was dismissed.  Partly on equitable grounds, the court ordered that defendants return to plaintiff that $1,000 together with interest from December 20, 2002, the date on which case no. CV 67034 was dismissed, until it is

1  returned to plaintiff.

2      In accordance with the foregoing, it is hereby

3      ORDERED, ADJUDGED, AND DECREED that plaintiff recover the $1,000 in cash

4  seized on or about March 11, 1993, or its equivalent, together with interest thereon from

5  December 20, 2002; and

6      That judgment be entered in favor of the defendants and against plaintiff Dunn as to his

7  petition for the return of all other property seized from plaintiff on or about March 11, 1993.

8      Each party shall bear its own costs.

9  SO ORDERED.

10

11  DATED: _____                      DAVE NELSON

12                                              JUDGE OF THE SUPERIOR COURT

AUG 2 2 2007

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



ENDORSED-FILED

JUL ~ 9 2007

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

SUPERIOR COURT OF CALIFORNIA
IN AND FOR THE COUNTY OF MENDOCINO

|  |  |
|---|---|
| MICHAEL DUNN,<br><br>Plaintiff,<br><br>vs<br><br>MENDOCINO COUNTY, et. al.,<br>Defendants. | Case #SCUKCVPT-03-89762<br><br>TENTATIVE DECISION |

The Court heard evidence in the above matter in a court trial on the mornings of May 23 and June 6, 2007. The Court considered various agreed upon facts as well as numerous documents submitted into evidence. The Court heard the testimony of Plaintiff on his own behalf as well as testimony from Lieutenant James Noe on behalf of the Defendants.

This action has a complicated procedural history and, given that it arose from an arrest and searches in 1993, is also somewhat complex factually. It is based on a "Petition for Return of Property Seized Early March, 1993" filed by Mr. Dunn on March 12, 2003. Although it is difficult to compartmentalize all of the claims in the action, it is basically a claim for return of items seized from Mr. Dunn at the time of his arrest in 1993 and/or some sort of compensation for items that cannot be returned.

Defendants raise certain matters as a bar to the lawsuit. The Defendants claim that the Plaintiff has split his claim due to a lawsuit he filed in federal court against some of the same defendants rising from the same factual scenario. The lawsuit was dismissed on statute of limitations grounds. But the Defendants did not meet their burden of showing that the federal action was based on the same harm to the Plaintiff.

Defendants also claim that the action is barred by the Statute of Limitations and/or laches to the extent it is an equitable action. If the action had been properly pleaded, the relevant action would be for claim and delivery, for which the Statute of

**EXHIBIT A**

Limitations is three years. CCP Section 338, subdivision (c). Due to time spent in custody, Plaintiff would be entitled to two more years (CCP Section 352.1) so the Statute is a maximum of five years. The Statute of Limitations would be a bar to a claim in 2003 of all items seized in 1993 unless there is some other reason to toll the statute. The fact that forfeiture actions were pending against some of the items until 2002 may be such a reason.

Defendants contend that Plaintiff should have known that his claim arose when he was convicted in federal court and his agreement with Deputy District Attorney Maloney to stay the forfeiture proceedings had ended. But it is clear by his actions that Plaintiff thought the claim was still pending when he came to court in December of 2002 seeking to have items returned. Especially taking into account the equities of the situation, it is difficult for the Court to say that the Statute of Limitations ran on the claim while the forfeiture actions in CV67033 and CV 67034 were still pending. The doctrine of equitable tolling would seem to apply to this case where the plaintiff has several legal remedies and, reasonably and in good faith, pursues one. See *Addison v. State of California* (1978) 21 Cal.3d 313, *Elkins v. Derby* (1974) 12 Cal.3d 410.

As to items that were not subject to these two forfeiture actions, and also as to the $1014.76 in CV66858 (which was dismissed with prejudice on the motion of Plaintiff's attorney in 1994), the Statute of Limitations is certainly a bar to any claims of Plaintiff.

As to the items in CV67033 and CV 67034, certain items were already returned to Mr. Dunn on October 30,2000 when he was released from prison. One of the generators and the wire feed welder in CV67034, for instance, are listed as being returned. The Court finds that the only other non-cash items in the custody of Defendants at this time are the eight firearms listed by Lt. Noe as being preserved and placed into official use, as well as ammunition for the various weapons.

As to items that are no longer in the custody of the Mendocino County, the Plaintiff's claim runs into the problem that, to the extent he is requesting money damages for the missing items, he never filed an administrative claim with the public entity. A tort claim is not subject to tolling so he had six months to file for any compensable injury. In addition, presentation of a claim to the public employer is a prerequisite for a legal action against a public employee for acts or omissions within the scope of employment. Failure to file a claim for this period of time is fatal to a cause of action for damages.

As to the weapons and ammunition that are still in possession of Defendant Mendocino County, the Court finds based on the evidence that they cannot be returned to him because he has at least a federal felony conviction, if not a state conviction, also. The evidence showed that Mr. Dunn was convicted of a felony in federal court in 1994, and the weight of the admissible evidence indicated that Mr. Dunn's conviction in state court in 1973 was also a felony.

To the extent that Mr. Dunn might seek the return of weapons to some other party pursuant to Penal Code Section 12028, the Court finds that, based on the testimony of Lt.

Noe, all of the remaining weapons are prohibited from private ownership by the federal prohibition against automatic weapons or the state prohibition against private ownership of certain semi-automatic weapons

There is one item in CV676034 that the Defendant Mendocino County still has in some form—the $1,000 that was listed as part of that forfeiture complaint. Partly on equitable grounds, the Court orders the return of that $1,000 to the Plaintiff with interest from December 20, 2002, the date on which the forfeiture action was dismissed.

Attorney for Defendants shall prepare, serve and submit a proposed judgment consistent with this tentative decision. Since the trial in the matter took less than eight hours and neither party timely requested a statement of decision, none is required. Each side will bear its own costs.

Dated: July 9, 2007

DAVID NELSON
Judge of the Superior Court