JEANINE B. NADEL, County Counsel   SBN 106996
FRANK ZOTTER JR., Chief Deputy  SBN 108721
County of Mendocino - Administration Center
501 Low Gap Rd., Room 1030
Ukiah, CA  95482

Tel.: (707) 463-4446
Fax: (707) 463-4592

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DUNN,

     Plaintiff,

     v.

JAMES NOE, WILLIAM C. RUTLER,
ANTHONY CRAVER, KEVIN BROIN,
TOM ALLMAN, GREG SAGER,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. C 07-3559 JCS

Order Granting Motion to Dismiss Pursuant
to Federal Rule 12(b)(6)

[PROPOSED]

DATE:     October 26, 2007
TIME:     9:30 a.m.
CTRM:     Courtroom A, 15th Floor

ORDER GRANTING MOTION TO DISMISS

     This action arises out of the plaintiff Michael Dunn's arrest and conviction for various

federal offenses in 1993.  Dunn has, for the second time, named Mendocino County Sheriff's Deputy

James Noe, as well as a variety of other County defendants, in an action under 42 U.S.C. § 1983

seeking $3,000,000 in punitive damages for the failure to hold a hearing regarding the disposition of

certain property in the possession of the County of Mendocino Marijuana Eradication Team, or

"C.O.M.M.E.T."

     Dunn was arrested by the Ukiah Police in March, 1993.  Thereafter, a variety of his property

was seized during the execution of a search warrant on his property.  Dunn was later convicted of

several offenses, including cultivation of marijuana and possession of destructive devices, for which

he ultimately spent almost seven years in federal custody.  Dunn was released in 2000 and in 2002 named Deputy Noe in a lawsuit filed in this court.  That lawsuit was dismissed.  He then named the County in a state court lawsuit that began in March, 2003 and has continued until it went to judgment in August, 2007.  Dunn has not yet appealed that decision, although he can still do so.  In the meantime, he has initiated another federal lawsuit, once again against Deputy Noe.  Fairly construed, that lawsuit again attempts—for the second time (not counting his criminal conviction)—to litigate issues arising from the seizure and retention of his property in 1993.

Defendant has responded with a motion under Rule 12(b)(6), arguing that the disposition of the earlier § 1983 lawsuit, coupled with the pendency of the as-yet-unresolved state court proceedings relating to the same events (i.e., the seizure and disposition of his property resulting from the 1993 search), bars this new § 1983 lawsuit.

The court agrees that this lawsuit is barred by principles of *res judicata* ("claim preclusion") collateral estoppel ("issue preclusion"), or both, as well as the statute of limitations for a § 1983 action.  Plaintiff's 2002 federal lawsuit arising from this conduct was dismissed on statute of limitations grounds.  That dismissal was affirmed by the Ninth Circuit.  Because the same claim as plaintiff attempts to litigate here was already considered and dismissed by this court in 2002 and by the Ninth Circuit in 2003, he cannot again bring this same litigation now.  Furthermore, he is already litigating a related claim in state court.  While this might present a proper basis for *Colorado River* abstention, because the defendants are entitled to dismissal for claim preclusion and on the ground of the statute of limitation (as in 2002), the court need not reach the question of abstention.  The court grants defendants' motion under Federal Rule 12(b)(6) and dismisses the complaint in its entirety.

FACTUAL SUMMARY

On March 11, 1993, plaintiff Dunn was arrested by the Ukiah Police following an incident at the Radio Shack in Ukiah.  When the police arrived and began to speak with him, they noticed a knife on his person, and asked him to hand it over.  He objected and when the officers tried to take it by force, they discovered he was in possession of a concealed firearm.

Dunn was arrested for the concealed firearm, and other evidence led to the execution of a search warrant at his residence.  That search yielded 825 marijuana plants in a subterranean cement

bunker, and a large cache of weapons including two grenade launchers, three destructive devices, several machine guns, and more than a dozen other firearms.

Dunn was prosecuted in this court, and in 1994, in case CR 93-00270-CAL, was convicted of cultivation of marijuana in violation of 21 U.S.C. § 841, subd. (a)(1), use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924, subd. (c)(1), possession of an unregistered machine gun and destructive devices in violation of 26 U.S.C. § 5861, subd. (d), and manufacture of destructive devices in violation of 26 U.S.C. § 5861, subd. (f). His conviction of the § 924 charge was overturned by the Ninth Circuit, but his conviction was otherwise affirmed.

In the meantime, Mendocino County District Attorney had initiated forfeiture cases regarding weapons and other property (including cash), seized during the search of Dunn's property. One of those cases was dismissed 1994. For reasons not entirely clear today, the District Attorney's Office suspended action on two other forfeiture cases, which were ultimately dismissed in 2002 by the superior court for lack of prosecution. Fourteen items, including a generator and a wire feed welder, were returned to Dunn in October 30, 2000.

Other items, including weaponry, were destroyed in the 1999-2000 time frame when the Sheriff's Office obtained a court order re: destruction from the superior court. (The Sheriff's Office may have been unaware of the District Attorney's unilateral suspension of the forfeiture case.) By the time of the superior court trial on Dunn's state case in May and June, 2007 (case no. SCUK CVPT 03-89762), the only non-cash items in the possession of the Mendocino County Sheriff were eight weapons and some ammunition. All of those weapons are either automatic or semi-automatic firearms.

On January 3, 2002, Dunn filed a lawsuit, case no. CV-02-00043-MJJ, against *inter alia* defendant James Noe, in this court regarding the seizure of items from his property in 1993. T Apparently on the court's own motion, the case was dismissed approximately six weeks later. The Ninth Circuit affirmed that decision on March 19, 2003. According to the Ninth Circuit's decision, the lawsuit was a "42 U.S.C. § 1983 action alleging defendants improperly seized materials from Dunn's property without a hearing in 1993." The opinion also states that the date of this seizure was

March 12, 1993—the day after Dunn's arrest in Ukiah on March 11.

Later that year, in December, the state superior court finally dismissed the forfeiture cases that had been pending since 1993 for lack of prosecution. Dunn attempted to file motions in those cases, and when that was unsuccessful, filed the 03-89762. Although not properly pleaded, it apparently sought either the return of property seized in 1993 or compensation. The case was twice dismissed by the superior court—once in 2003 and again in 2005. Each time, the dismissal was reversed by the state appeals court on what were effectively procedural grounds. After the second reversal and remand, the matter was tried on May 23 and June 6, 2007.

After submission of the cause, that court issued a tentative decision on July 9, 2007. The court treated Dunn's action as one for claim and delivery of the property seized in 1993. The court found that Dunn could reasonably have relied on the pendency of the two forfeiture actions until 2002 to equitably toll any statute that would have otherwise expired, but did find the statute of limitations to bar the return of any property for which forfeiture had been sought for the case dismissed in 1994.

On equitable grounds, the trial court ordered $1,000 seized during the 1993 search of Dunn's property be returned to him, with interest from December 20, 2002 (the date that the forfeiture case was dismissed). The court denied all other monetary relief because Dunn had not filed a state tort claim. It refused to order the return of his remaining weapons in the Sheriff's possession, finding that he had two felony convictions. The court also ruled that the weapons could not be returned to anyone else because of the federal ban on private ownership of automatic weapons and the state ban on possession of semi-automatic weapons. A judgment was filed on August 22, 2007. Dunn initiated the instant case on July 10, 2007.

LEGAL STANDARD FOR A MOTION UNDER F.R.C.P. RULE 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to

1    offer evidence in support of the claim.[1]

2         In answering this question, the Court must assume that the plaintiff's allegations are true and

3    must draw all reasonable inferences in the plaintiff's favor.[2]  Even if the face of the pleadings

4    suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case

5    at this stage of the proceedings.[3]  A court, however, need not accept as true unreasonable inferences,

6    unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual

7    allegations.[4]

8                    THE 12(b)(6) MOTION BROUGHT BY DEFENDANTS

9         Defendants argue in the alternative that Dunn's case should be dismissed either because he

10   has already filed, and lost, a § 1983 lawsuit in 2002, and on the ground that, like that action, this

11   lawsuit would be barred by the statute of limitations.  Both contentions have merit.  This is at least

12   the third civil lawsuit Dunn has filed regarding property seized during the 1993 search.  The first,

13   which was also based on § 1983, was dismissed by Judge Jenkins even without the initiation of

14   formal proceedings—a dismissal that the Ninth Circuit affirmed—because the lawsuit was clearly

15   filed beyond any statute of limitation for a § 1983 claim.

16        Under *Wilson* v. *Garcia*,[5] federal courts use the state statute of limitations for personal

17   injuries in the state where a claim arose as the federal statute of limitations for § 1983 claims.  At the

18   time of the incidents recited in this complaint (1993 or 2000, the year that the property was disposed

19   of under the 2000 Consolidated Courts order), the California statute of limitations for personal

20   injuries was one year;[6] the same was therefore true of a § 1983 action such as this one.  The

21   California state courts are in accord.[7]

22

23   ---
     [1] *Scheuer* v. *Rhodes,* 416 U.S. 232, 236 (1974), *ovr'd. oth. grnds., Davis* v. *Scherer,* 468 U.S. 183, 104
     S.Ct. 3012 (1984).
24   [2] *See Usher* v. *City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987).
     [3] *United States* v. *City of Redwood City,* 640 F.2d 963, 966 (9th Cir.1981).
25   [4] *Western Mining Council* v. *Watt,* 643 F.2d 618, 624 (9th Cir. 1981), *cert. den.*, 454 U.S. 1031.
     [5] *Wilson* v. *Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254.
26   [6] Code of Civil Procedure § 340, subdivision (3)
     [7] See, *e.g., Acuña* v. *Regents of the University of California* (1997) 56 Cal.App.4th 639, 646 (one-
27   year statute of limitations under Code of Civil Procedure § 340, subd. (3) applied to federal cause of
     action for violation of free speech rights); *Newton* v. *County of Napa* (1990) 217 Cal.App.3d 1551,
28   1563 (one year statute under § 340 applied to civil rights causes of action against county workers

No complaint naming any of these defendants, whether in a federal cause of action or otherwise, was filed until Dunn filed the January, 2002 district court lawsuit. Although his present lawsuit also discusses the destruction of property in 2000, fairly construed it is still referring to weapons and other property that had been seized in 1993. The 2002 lawsuit was approximately 2 years after the 2000 destruction order and nearly 9 years after the search of his property in 1993.

As in 2002, therefore, the present case is susceptible to dismissal on statute of limitations grounds. Furthermore, however, an earlier lawsuit for the same claim has already been dismissed once, in 2002. Following that dismissal, moreover, Dunn has pursued essentially that same claim through the California court, first filing a new lawsuit in March, 2003. Although somewhat difficult to follow, that lawsuit also raised issues relating to the disposition of property from the 1993 search. The pendency of that action, coupled with the dismissal of the earlier § 1983 claim, bars further litigation of these same claims here.

Federal courts have long adhered to the principles of *res judicata* and collateral estoppel as barring the re-litigation of claims or issues that were previously addressed (or that could have been addressed) in a prior action.[8] In *Allen* v. *McCurry*,[9] for example, a state prisoner who had been convicted of criminal offenses in Missouri brought a § 1983 action against the arresting officers, claiming, among other things, that they had committed an allegedly unconstitutional search and seizure. Although some evidence was suppressed, the plaintiff had nevertheless been convicted.

The district court had dismissed the case, but the Eighth Circuit reversed. The Supreme Court overturned the circuit court, finding that principles of collateral estoppel applied to § 1983 actions, and that state court judgments or decisions were binding on subsequent litigation on the same issue. The Supreme Court explained that "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of

---

who investigated and pursued child abuse case against parents).
[8] *Dash, Inc.* v. *Alcoholic Beverage Control Appeals Board*, 683 F.2d 1229, 1232 (9th Cir.1982).
[9] *Allen* v. *McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

action involving a party to the first case."[10]

The present § 1983 action is based on the same claims that Dunn litigated in 2002 and also has pursued in state court since 2003. The 2002 federal lawsuit effectively is *res judicata* as to this lawsuit, and even if it were not, the 2003-2007 state court proceedings collaterally estop him on any issues decided by the court there. Although that matter is not final (because Dunn can still appeal that decision), Dunn should not be given the opportunity to re-litigate matters in federal court that have recently gone to judgment in state court. To allow this tactic, of course, would mean that someone could avoid the bar of *res judicata* merely by filing the federal lawsuit while the state case was still pending. Accordingly, on both res judicata and statute of limitations grounds, the court grants the motion under Rule 12(b)(6).

THE COURT NEED NOT REACH THE QUESTION OF *COLORADO RIVER* ABSTENTION

Defendants argue in the alternative that this is a proper case for *Colorado River*[11] abstention because plaintiff filed a state action that he has pursued since 2003, and which recently resulted in a state court judgment. The present lawsuit, of course, results from the same incident, namely the 1993 seizure of plaintiffs property. While *Colorado River* abstention may well apply because plaintiff's federal lawsuit is "repetitive" litigation,[12] the court need not reach this issue because the complaint can dismissed on other grounds.

Conclusion

Based upon the foregoing, under Federal Rule 12(b)(6), plaintiff's complaint is dismissed in its entirety. The Clerk shall close the file.

DATED:                                        _____

James C. Spero, Magistrate Judge
United States District Court

---

[10] *Allen* v. *McCurry*, *supra*, 449 U.S. at 94, 101 S.Ct. 411 (citations omitted).
[11] *Colorado River Water Conservation District* v. *United States*, 424 U.S. 800, 47 L.Ed.2d 483, 96 S.Ct. 1236 (1976).
[12] *Moses Cone Hospital, Moses Cone Hospital* v. *Mercury Construction Corporation*, 460 U.S. 1 at 17, 103 S.Ct. 927 at 937, 74 L.Ed.2d 765, fn. 20.