JEANINE B. NADEL, County Counsel   SBN 106996
FRANK ZOTTER JR., Chief Deputy   SBN 108721
County of Mendocino - Administration Center
501 Low Gap Road, Room 1030
Ukiah, CA  95482

Telephone.: (707) 463-4446
Facsimile:   (707) 463-4592

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DUNN,<br><br>          Plaintiff,<br><br>     v.<br><br>JAMES NOE, WILLIAM C. RUTLER, ANTHONY CRAVER, KEVIN BROIN, TOM ALLMAN, GREG SAGER,<br><br>          Defendants. | No. C 07-3559 JCS<br><br>DEFENDANTS' CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER<br><br>DATE:   October 26, 2007<br>TIME:    9:30 a.m.<br>PLACE: Courtroom A, 15th Floor<br>JUDGE: Honorable Joseph C. Spero |

   Defendants submit the following Case Management Statement and Proposed Order. Defendants sent a proposed Joint Case Management Statement and Proposed Order to plaintiff with a request that he review and sign it, but on October 18, defendants were served with a case management statement that plaintiff apparently had already filed.

1.   <u>Basis for the Court's Subject Matter Jurisdiction, Venue, and Process Service Issues:</u>

   Plaintiff alleges a cause of action under U.S.C. § 1983.  Venue is appropriate in this court because all of the events complained of took place within the Northern District. Defendants have appeared, and are not contesting service of process.  Defendants are unaware of any other parties at this time.

/ / /

2. <u>Brief chronology of the facts and a statement of the principal factual issues in dispute:</u>

Plaintiff has not alleged specific causes of action. His complaint does not describe all of the facts that are at issue, but they relate to events that are available through other lawsuits and which defendants have submitted to this court in a separate motion via a request for judicial notice.

On March 11, 1993, plaintiff Michael Allan Dunn was arrested by the Ukiah Police for possession of a concealed weapon. A search of his vehicle led the Mendocino County Sheriff's Office to conduct a search of his property in the Laytonville area with a search warrant, where more weaponry and approximately 800 marijuana plants were discovered. Plaintiff was eventually charged in federal court with a variety of violations of both weapons laws and the laws against cultivation of marijuana. He was convicted and spent several years in federal prison.

The Mendocino County District Attorney filed forfeiture cases against the weapons and other property found either in plaintiff's vehicle or his property in 1993. For reasons not entirely clear at this date, those cases were never pursued to judgment and were dismissed for lack of prosecution in 1994 and in 2002 by the superior court.

Upon plaintiff's release from custody, the Sheriff's Office returned a number of items of property to him on October 30, 2000, but it did not return any of the weapons or ammunition. Many of the items of weaponry were destroyed in the 1999-2000 time frame when the Sheriff's Office sought and obtained a court order re: destruction from the Superior Court. Eight weapons and some ammunition are known to be in the custody of the Sheriff's Office today. Plaintiff contends that various items of property that were not returned were "stolen" by Mendocino County personnel.

In early 2003, shortly after the last of the forfeiture cases were dismissed, plaintiff filed a lawsuit in the Mendocino Superior Court (case no. SCUK CVPT 03-89762) seeking either the return of these weapons and ammunition or compensation therefor. Although it was dismissed twice by the Superior Court, this case was reinstated each time by the state Court of Appeal. The case went to trial in May and June 2007. On July 9, 2007, the Superior Court ruled that, as an

equitable remedy, the County had to return to plaintiff $1,000 that was seized in 1993, but was never forfeited by the District Attorney, plus interest since 2002. The court otherwise denied plaintiff's requested relief, and specifically refused to order the return of the weapons.

On July 10, 2007, plaintiff filed the present lawsuit. It is based on 42 U.S.C. § 1983, and seeks $3,000,000 in punitive damages because of what plaintiff contends was new information he discerned during the state court proceedings. His lawsuit states:

> when plaintiff filed [the state lawsuit], . . . plaintiff suspected that [his property] had not been destroyed but rather looted by COMMET deputies. Plaintiff assumed the illegal Jan[uary] 2000 order was just incompetence but since Febr[uary] 2003 plaintiff has learned in request for discovery fall 2006 that there is no record of disposal of items by date and method and testimony at trial June 6, 2007 that there is contradicting testimony as to when property was disposed of and that COMMET deputies kept seized property in a warehouse without locked evidence lockers, and with many having access to the property which by the preponderance of evidence shows looting of choice items by deputies over the years.

First Amended Complaint, ¶3, emphasis in original.

Defendants deny these assertions, and contend that the only items in the possession of the County or its employees were either returned to plaintiff or, with respect to the weapons, could not be returned to plaintiff because he was forbidden to own them.

3.     Legal Issues:

Plaintiff contends that he is entitled to $3,000,000 in punitive damages for the alleged theft of his property by the Mendocino County personnel. His lawsuit cites 42 U.S.C. § 1983 as the basis for this contention. Defendants filed a motion to dismiss his lawsuit under Rule 12(b)(6). Plaintiff's response to defendants' motion to dismiss did not cite any legal authority.

Defendants deny that plaintiff is entitled to any damages, punitive or otherwise. They contend that, first, the statute of limitations for any § 1983 lawsuit expired long ago (as shown by the dismissal of an earlier § 1983 lawsuit filed in 2002 also arising from the seizure of plaintiff's property in 1993), under *Wilson* v. *Garcia*,[1] which sets the applicable statute of

---
[1] *Wilson* v. *Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254.

1  limitations as the state statute of limitations for personal injuries.  At the time that the items
2  were originally seized, and during the time that they were in the County's custody, that statute
3  was 1 year.[1]  Alternatively, defendants contend that plaintiff has filed duplicative litigation
4  regarding the disposition of the property seized in 1993, and that based on this, as well as the
5  dismissal of an earlier § 1983 lawsuit arising from the same events, this lawsuit is therefore
6  barred by principles of *res judicata*/claim preclusion under, e.g., *Allen* v. *McCurry*.[2]

7  4.  Pending and Prior Motions and their Current Status:

8  Defendants have filed a motion under F.R.C.P. Rule 12(b)(6) raising the defenses cited
9  in the preceding section.  That motion is presently set for hearing on October 26, 2007.

10 5.  Amendment of Pleadings to add Parties, Claims, or Defenses and a Proposed Deadline
11 for Amending the Pleadings:

12 Defendants are unaware of any parties, claims, or defenses that are intended to be added
13 through amendment of the pleadings.  Plaintiff has apparently already amended his complaint
14 once (his complaint is captioned "First Amended Complaint"), although defendants have not
15 been served with the original complaint.

16 6.  Steps Taken to Preserve Evidence Relevant to the Issues Reasonably Evident in this
17 Action, including Electronic Material:

18 Defendants have a number of documents relating to this action that are in the custody of
19 their counsel.  Defendants do not seek any documentary or other evidence from plaintiff
20 relevant to any issues in this action, and defendants are unaware of any electronic documents or
21 communications that would be relevant to any issues in this action.

22 7.  Whether there has been full and timely compliance with the initial disclosure
23 requirements of Fed. Rule of Civ. Proc. 26 and a description of the disclosures made:

24 Concurrently with submitting to plaintiff a copy of a proposed joint case management
25 conference statement, defendants served on plaintiff their initial disclosures.  The disclosures
26 identify the documents set forth in the preceding item.  Plaintiff has not served on defendants

---

[1] California Code of Civil Procedure § 340, subdivision (3).
[2] *Allen* v. *McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

any disclosures, but inasmuch as plaintiff is in pro se and, to defendants' knowledge, has no documents that defendants seek, they are not pursuing that issue.

8. <u>Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).</u>

The plaintiff has served a request for documents on defendants to which a response is due shortly before the hearing on defendants' motion to dismiss. Defendants will respond within the time allotted by the Federal Rules, but if their motion is successful, anticipate that the discovery issues may have become moot by that time. Defendants are unaware of any documents or other discovery that they will seek of plaintiff.

9. <u>Class Action Certification:</u>

Not applicable.

10. <u>Related Cases Pending Before Another Judge of this Court, or Before Another Court or Administrative Body:</u>

As set forth in defendants' motion to dismiss, defendants believe that the following cases are related to this case:

    a.    *United States of America* v. *Michael Dunn*, 120 F.3d 269, (9th Cir. 1997).

    b.    *Michael Dunn* v. *James Noe*, Northern Dist. Case No. CV-02-00043.

    c.    *Michael Dunn* v. *James Noe*, 59 Fed.Appx. 944, 2003 WL 1506488 (9th Cir. 2003) (appeal of case no. CV-02-00043).

    d.    *Dunn* v. *County of Mendocino*, Mendocino County Superior Court No. 03-89762.

    e.    *Dunn* v. *County of Mendocino*, Appellate No. A105280 (first appeal from case no. 03-89762).

    f.    *Dunn* v. *County of Mendocino*, Appellate No. A111098 (second appeal from case no. 03-89762).

In addition, on October 2, 2007, plaintiff filed a third appeal from the judgment in case no. 03-89762; that appeal is case no. A119341.

/ / /

11. <u>All Relief Sought Through the Pending Complaint or Counterclaim:</u>

Plaintiff seeks punitive damages of $3,000,000 under his complaint in this action. Defendants have not filed a counterclaim; the relief that they seek is dismissal of this action.

12. <u>Prospects for Settlement through ADR:</u>

At plaintiff's request, defendants filed a joint statement declining to participate in ADR, given that the positions of the parties are so far apart and the likelihood of a settlement through those means accordingly are so remote.

13. <u>Consent to a Magistrate for All Purposes:</u>

Both parties have consented to have this matter heard for all purposes by a Magistrate Judge.

14. <u>Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.</u>

Defendants do not believe that this would be appropriate at this time.

15. <u>Narrowing of Issues through Stipulation, Motion, or to Expedite the Presentation of Issues at Trial:</u>

If defendants' motion to dismiss is unsuccessful, this might be a possibility. Many of the issues in the concurrent state litigation were resolved via stipulation.

16. <u>Whether the Case is Appropriate for Expedited Scheduling:</u>

Defendants do not believe so at this time.

17. <u>Scheduling of Experts:</u>

Defendants are not aware that this is presently an issue in this case.

18. <u>Trial:</u>

Neither party has requested a jury trial. Defendants do not intend to request a jury trial. Because the motion to dismiss is presently pending before this court, this matter may be premature. Assuming that for some reason the case is not disposed of through the motion, the parties were able to reach a stipulation on a number of issues in the state trial of the case.

/ / /

/ / /

19. Whether Each party has Filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

Neither party has filed this certification. Defendants, however, are unaware of any such interest is other than that of named parties to the action.

20. Other Matters:

None at this time.

JEANINE B. NADEL, County Counsel

Dated: October ____, 2007          /s/
                                   Frank Zotter Jr., Chief Deputy
                                   Attorneys for Defendants

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition, the Court Orders:

Dated: October ____, 2007
                                   Joseph C. Spero
                                   United States Magistrate Judge