UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DUNN,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES NOE, ET AL.,<br><br>  Defendants.<br>_____/ | No. C-07-3559 JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6), STAYING CASE UNDER *COLORADO RIVER* DOCTRINE, AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*  [Docket Nos. 3, 13]** |

## I.   INTRODUCTION

On July 10, 2007, Plaintiff Michael Dunn, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging wrongful disposal of property that was seized from him by Defendants James Noe, William Rutler, Anthony Craver, Kevin Brown, Tom Allman, and Greg Sager.  Plaintiff also filed an Application to Proceed *in Forma Pauperis* ("Application").  Although the Court generally orders service of the complaint by the United States Marshal when it grants an application to proceed *in forma pauperis*, Plaintiff did not wait for the Court to rule on his application but instead served the Complaint on Defendants himself.  Defendants, in turn, filed a Motion to Dismiss First Amended Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) ("the Motion" or "the Motion to Dismiss").  All parties have consented to the jurisdiction of a United States magistrate judge, pursuant to 28 U.S.C. § 636(c).  A hearing on the Motion was held on Friday, October 26, 2007, at 9:30 a.m.  For the reasons stated below, the Motion to Dismiss is GRANTED in part and DENIED in part.  The Application to Proceed *in Forma Pauperis* is GRANTED.

## II. BACKGROUND[1]

### A. The Criminal Action and Subsequent Forfeiture Proceedings

On March 11, 1993, Plaintiff was arrested by the Ukiah Police following an incident at the Radio Shack in Ukiah. Plaintiff's Request for Judicial Notice ("RJN"), Ex. A (*United States v. Dunn*, 1997 WL 409535 at *1 (9th Cir. July 17, 1997)).[2] Following Plaintiff's arrest and the discovery of weapons in his vehicle, the police obtained a search warrant for his residence. *Id.* at *1. The search yielded 825 marijuana plants in a subterranean cement bunker and a large cache of weapons, including two grenade launchers, three destructive devices, several machine guns, and more that a dozen firearms. *Id*. Plaintiff's arrest and the related searches of his car and residence resulted in seizure of various items of his property. *Id*. at *2.

Following a jury trial in this district court, Dunn was convicted of cultivation of marijuana in violation of 21 U.S.C. § 841(a)(1), use of a firearm during and in relation to a drug trafficking crime in violation of U.S.C. § 924(c)(1), possession of an unregistered machine gun and destructive devices in violation of 26 U.S.C. § 5861(d), and manufacture of destructive devices in violation of 26 U.S.C. § 5861(f). *Id*. at *1. On appeal, the Ninth Circuit overturned the § 924 conviction and affirmed Plaintiff's convictions on the remaining counts. *Id*. at *3.

The Mendocino County District Attorney initiated three forfeiture proceedings in connection with the property that was seized from Plaintiff pursuant to his March 1993 arrest. The first was a forfeiture action involving seized monies, which was dismissed with prejudice on June 15, 1994. RJN, Ex. F (*Dunn v. County of Mendocino*, 2004 WL 2966657 at *2 (Cal. App. 1 Dist. Dec. 23,

---

[1] Defendants have filed a Request for Judicial Notice ("RJN") asking the Court to take judicial notice of various documents that were filed in other courts and/or actions involving Michael Dunn. Rule 201 of the Federal Rules of Evidence permits the Court to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Under Rule 201, "documents that are part of the public record may be judicially noticed to show . . . that a judicial proceeding occurred or that a document was filed in another court case." *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006). On that basis, the Court grants Defendants' request.

[2] Although this decision is unpublished, its citation is permitted here under Ninth Circuit Rule 36-3(c)(i), which permits citation of unpublished decisions issued before January 1, 2007 "when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion."

2004).³ Two additional forfeiture actions, CV 67033 and CV 67034, were filed in 1993. *Id*. One of these, CV 67033, involved "64 items seized by authorities, consisting of numerous firearms and weapons, such as the Cobray .37 mm grenade launcher, as well as ammunition, night scopes, video cameras, flak jackets, radios and other items." *Id.* at *3. It is unclear what property was at issue in the other forfeiture action, but the complaint appears to have listed at least $1,000 of seized currency. *See* RJN, Ex. G at 3.

The two forfeiture actions that had not been dismissed were apparently held in abeyance for several years pending the outcome of Dunn's criminal proceeding. *Id*. On November 19, 2002, the Court issued an Order to Show Cause Why Complaint Should not be Dismissed, stating that it intended to dismiss the action on December 20, 2002 for failure to prosecute. *Id*. On December 2, 2002, Dunn filed a Motion for Return of Property Held for Civil Forfeiture. On December 20, 2002, the court dismissed the two forfeiture actions without prejudice based on the People's failure to prosecute them. *Id*. The court subsequently denied Dunn's petition, apparently under the doctrine of res judicata, on the basis that forfeiture action CV 67033 had been dismissed without prejudice. *Id*. at *4.

In the meantime, it appears that some of Dunn's seized property items may have been destroyed in early 2000, when the Sheriff's Office sought and obtained an order, dated January 12, 2000, authorizing destruction or disposal of property described as "firearms, contraband, and personal property." RJN, Ex. B. In addition, 14 items were returned to Dunn on October 20, 2000. RJN, Ex. F at *2, fn.2.

**B.     Plaintiff's Prior District Court Action**

On January 3, 2002, Plaintiff filed a pro se Complaint under 42 U.S.C. § 1983 in this district court, before Hon. Martin Jenkins, against Defendants James Noe, employee of the Mendocino County Sheriff's Department, Edwin Lowry, and Donald Plain, employees of the California Department of Toxic Substances, for an alleged improper seizure of chemicals from his property in

---

³ Although this decision has been designated as "unpublished," its citation is permitted here under California Rule of Court 8.1115(b), which allows citation of unpublished opinions "when the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel."

3

1993. *See Dunn v. Noe*, CV-02-00043 MJJ, Docket No. 1. The district court dismissed the action, finding, based on the allegations in the complaint, that Plaintiff knew of the alleged wrongful seizure when it occurred in 1993, and, therefore, that his claims were barred on statute of limitations grounds. *See Dunn v. Noe*, CV-02-00043 MJJ, Order of Dismissal. On appeal, the Ninth Circuit affirmed the district court's ruling. *Dunn v. Noe*, 59 Fed. Appx. 944-45 (9th Cir. 2003).

### C. Plaintiff's State Court Action

On March 12, 2003, Dunn, in pro per, filed a "Petition for Return of Property Seized in March 1993" in the Mendocino County Superior Court. In the caption, Plaintiff named as Defendants "Mendo Cnty D.A. Vroman et al. Sher Craver." RJN, Ex. E ( Pet. for Return of Property ("Petition"), at 1. The state court interpreted the Petition as naming three defendants: Mendocino County, District Attorney Norman L. Vroman and Sheriff Tony Craver. RJN, Ex. G (*Dunn v. County of Mendocino*, 2006 WL 1303943 at *1 (Cal. App. Dist. 1 May 11, 2006)). In his Petition, Plaintiff sought the return of, compensation for and/or equitable relief regarding property he claimed was seized by the Ukiah Police Department and "C.O.M.E.T." (apparently a reference to the "County of Mendocino Marijuana Eradication Team"), and allegedly held by the Mendocino County District Attorney in five different matters. RJN. Ex. E (PRP) at 1. Plaintiff's Petition alleged that Defendants were wrongfully holding, or had wrongfully disposed of property items seized from him in March 1993, disregarding his rights to notice and hearing. Among the items enumerated by Plaintiff were money, firearms, weapons, ammunition, a generator, a grenade launcher, and gun parts. *Id*. at 3-4. Plaintiff referenced the January 12, 2000 Order discussed above, of which he learned in February 2003, and contended that it was issued while civil forfeiture proceedings were pending. *Id*. at 3.

A trial was held on Plaintiff's claims on May 23 and June 6, 2007. RJN, Ex. H ( Tentative Decision). In its Tentative Decision, issued on July 9, 2007, the superior court held that the action was barred on statute of limitations grounds as to items that were seized in 1993 but had not been the subject of any forfeiture proceedings. Similarly, the court concluded that any challenge to the seizure of the currency that was the subject of the forfeiture action that was dismissed with prejudice in 1994 was barred on statute of limitations grounds. On the other hand, the court held that

4

Plaintiff's claims were *not* barred as to the property that was the subject of the two forfeiture actions that had been dismissed in 2002 (CV 67033 and CV 67034) because the pendency of those actions gave rise to equitable tolling of the statute of limitations as to that property. *Id*. at 2. The court also rejected Defendants' assertions that the action was barred because it was based on the same harm as the 2002 federal action, finding that Defendants had not met their burden on this issue. *Id*. at 1.

Reaching the merits as to the property that had been the subject of the two forfeiture proceedings dismissed in 2002, the court found that certain items, like a generator and wire feed welder, had been returned to Plaintiff, and that the only non-cash items in Defendants' custody were eight firearms, listed by Lieutenant Noe as being reserved and placed into official use. *Id*. As to these firearms, the court found they could not be returned due to Plaintiff's prior felony convictions. *Id*. The court ordered that the $1000 listed in forfeiture action CV 676034 be returned to Plaintiff, with interest. *Id*. at 3.

Final judgment was entered in the state court case on August 22, 2007. RJN, Ex. I. Plaintiff filed an appeal on October 2, 2007. *See* Defendants' Case Management Statement, filed October 19, 2007.[4] Defendants' Case Management Statement, filed October 19, 2007.

### D. The Complaint

On July 10, 2007, Plaintiff filed a Complaint in this action against James Noe of C.O.M.M.E.T., William Rutler, Sheriff Anthony Craver, Sheriff Kevin Brown, Sheriff Tom Allman, and Assistant District Attorney Greg Sager. On the same date, July 10, 2007, Plaintiff filed a First Amended Complaint. The First Amended Complaint is not significantly different from the initial Complaint. Both are entitled "Complaint under Title 42 § 1983."

In his First Amended Complaint, Plaintiff alleges that Defendants unlawfully disposed of property that had been seized from him. Specifically, he refers to the property that was subject to forfeiture proceedings CV 67033 and CV 67034, as well as some other property not subject to these forfeiture proceedings. First Am. Compl. ("FAC") ¶ 1. In particular, Plaintiff alleges that in January 2000, Defendants obtained an illegal order ("the January 2000 Order") allowing destruction

---

[4] At oral argument, Defendants stipulated that the appeal was timely because it was filed within 60 days of the judgment.

or disposal of his property. *Id.* According to Plaintiff, Defendants did not check to see if civil forfeiture proceedings were pending when they sought the order. *Id.* Plaintiff further alleges that the January 2000 Order was an attempt to cover up looting of his property by Defendants. *Id.* Plaintiff alleges that he learned of the January 2000 Order in February 2003. *Id.*

Plaintiff further alleges that during discovery and trial in the state court action, additional evidence was revealed that confirmed his "prior suspicion" that his property had been wrongfully destroyed. *Id.* ¶ 3. Specifically, he allegedly learned that there was no record of disposal of his property, the testimony was contradictory as to the date of the disposal, and C.O.M.M.E.T. deputies kept seized property in a warehouse without lockers. *Id.*

At oral argument, Plaintiff stipulated that the property at issue in this case and in the state court case is the same. He explained that the difference between the state court action and this action is that in the former, he seeks return of his property whereas in this action, he seeks damages for Defendants' wrongful destruction or misappropriation of the same property.

### E.  The Motion to Dismiss

In the Motion, Defendants argue that they are entitled to dismissal of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure under the doctrines of res judicata and collateral estoppel and based on the applicable statute of limitations on Plaintiff's § 1983 claims. In the alternative, Defendants assert that the Court should abstain from exercising jurisdiction because of the pendency of Plaintiff's lawsuit in state court, invoking the *Colorado River* doctrine. Motion at 11.

### F.  Plaintiff's Reply

On October 7, 2007, Plaintiff filed a Reply to Defendants' Motion to Dismiss ("Reply"). In his Reply, Plaintiff notes that this action seeks punitive damages whereas in the state court action he seeks "return etc. of his looted property." *Id.* at 1. He also points to the state court's finding that the prior 2002 federal court action was "not related," apparently referring to the finding in the Tentative Decision that the 2002 federal action did not address the "same harm" as the state action. *Id.*

## III. ANALYSIS

### A. Subject Matter Jurisdiction

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff asserts claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that Defendants violated his constitutional right to due process. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

### B. Legal Standard for Rule 12(b)(6) Motion to Dismiss

For the purposes of this Motion, the Court accepts Plaintiff's allegations of fact as true. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri*, 901 F.2d at 699. A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 1969 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). The factual allegations must be definite enough to "raise a right to relief above the speculative level." *Id.* at 1965. However, a complaint does not need detailed factual allegations to survive dismissal. *Id.* at 1964. Rather, a complaint need only include enough facts to state a claim that is "plausible on its face." *Id.* at 1974. That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Id.* at 1965 (noting that this requirement is consistent with Fed. R. Civ. P. 8(a)(2), which requires that the pleadings demonstrate that "the pleader is entitled to relief").

The Court "may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Gordon v. Impulse Mktg. Group, Inc.*, 375 F. Supp. 2d 1040, 1044 (E.D. Wash. 2005) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and

the Plaintiff's complaint necessarily relies on them. *Id*. at 1044. Furthermore, pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *Id*. (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). However, the Court may not take judicial notice of a fact that is "subject to reasonable dispute." *Id*.

### C. Statutes of Limitations as a Defense in a Rule 12(b)(6) Motion

If the expiration of the applicable statute of limitations is apparent from the face of the complaint, the defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). This is true even though expiration of the limitations period is an affirmative defense, because Federal Rule of Civil Procedure 9(f) "makes averments of time and place material for the purposes of testing the sufficiency of a complaint." *Suckow Borax Mines Consol. v. Borax Consol.*, 185 F.2d 196, 204 (9th Cir. 1950). When a motion to dismiss is based on the running of the statute of limitations, "it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon*, 614 F.2d at 682. In contrast, where the statute of limitations question turns on factual issues that may be disputed, the question is more appropriately addressed at a later stage of the proceeding. *See id*.

### D. Statute of Limitations

Defendants assert that Plaintiff's complaint should be dismissed on the grounds that his claims are barred under the applicable statute of limitations. In order to prevail on this argument, Defendants must establish that it is apparent from the face of the complaint both that the limitations period has passed and that Plaintiff could not prove that the statute was tolled. Defendants have not met that burden.

First, the Court addresses whether the limitations period has passed. While 42 U.S.C. § 1983 does not specify a statute of limitations, the Supreme Court has instructed the federal courts addressing § 1983 claims to follow the statute of limitations for personal injuries in the state where the claim arose. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985). Therefore, the Court must look to California's statute of limitations for personal injuries. Prior to June 1, 2002, the California statute

8

of limitations for personal injuries was one year. *See* Cal. Civ. Proc. Code § 340(3). As of June 1, 2002, however, that period was extended to two years. Cal. Civ. Proc. Code § 335.1. The extended period does not apply retroactively to claims that were already time barred when the longer period was enacted. *See Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004). Thus, the Court must begin by determining when Plaintiff's claim accrued to evaluate Defendants' position.

While federal courts borrow limitations periods for § 1983 actions, the question of when a § 1983 claim accrues is governed by federal law. *Vaughan v. Gtijalva*, 927 F.2d 476, 480 (9th Cir. 1991). "Under federal law, a cause of action generally accrues when a party knows or has reason to know of the injury which is the basis of the action." *Id*. Here, it is not entirely clear whether the relevant injury is the initial seizure or Plaintiff's property in 1993 or the later alleged destruction and looting of Plaintiff's property, which may have occurred as late as 2000.[5] If the injury is the initial seizure, Plaintiff was clearly aware of that seizure in 1993 and, therefore, the limitation period has expired. If it is the subsequent alleged looting and/or destruction of the property, Plaintiff might not have been aware of the injury until February 2003, the date he allegedly learned of the January 2000 Order permitting destruction of his property. Under either analysis, the limitation period has expired unless there are allegations in the complaint which, if true, could support a finding of equitable tolling.

The question of equitable tolling for § 1983 claims, like the limitations period, is governed by the state law of the forum. *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999). Under California law, a plaintiff may be relieved from "the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damages." *Addison v. State of California*, 21 Cal. 3d 313, 317 (1978) (holding that claim brought under State Tort Claims Act was not barred where claim was filed in federal court within six month limitation period and then filed in state court as soon as the plaintiff learned that the federal court was going to dismiss his claim). Equitable tolling may be found, under this line of

---

[5] This legal issue was not addressed by the parties in their briefs or at oral argument. The Court need not resolve the issue at this point because, for the purposes of the instant Motion, its conclusions are the same regardless of how the injury is defined.

cases, "regardless of whether the exhaustion of one remedy is a prerequisite to the pursuit of another [so long as] the defendant is not prejudiced thereby." *Elkins v. Derby*, 12 Cal. 3d 410, 414 (1974) (holding that one year limitation period for personal injury claim was tolled while plaintiff pursued Workman's Compensation claim against the same defendant, even though Workman's Compensation was not a prerequisite for filing personal injury claim). "Equitable tolling is a fact intensive issue and it is determined based on evidence." *Macario v. County of Orange*, 155 Cal. App. 4th 397 (2007).

Here, the Court cannot say, based on the allegations in the complaint, that Plaintiff will be unable to prove that his claims are equitably tolled under California law. In particular, the allegations in the complaint, read with liberality, might support a finding of equitable tolling under *Addison*. First, Plaintiff was pursuing closely related claims in state court – initially in the context of the forfeiture proceedings initiated in 1993 and dismissed in December 2002 and later when he filed his Petition seeking return of the forfeited property, in March 2003. Second, it is not apparent from the face of the complaint that Defendants would be prejudiced if the doctrine of equitable tolling were applied; in light of the ongoing state court actions, Defendants have been on notice since the time the property was seized that Plaintiff objects to the seizure of his property and believes that Defendants "looted" his property. Therefore, dismissal on the basis of statute of limitations is inappropriate at this stage of the case.

### E. Res Judicata and Collateral Estoppel

Defendants assert that this action is barred under the doctrines of res judicata, also known as claim preclusion, and collateral estoppel, also known as issue preclusion, based on Dunn's prior actions in state and federal court relating to his seized property. Below, the Court examines each doctrine as it applies to the state court action and the prior federal action.

#### 1. The State Action

##### a. Res Judicata

Defendants assert that this action should be dismissed under the doctrine of res judicata based on the state court action. Where a prior action is a state court action, federal courts must give "full faith and credit" to the judgment of the state court under 28 U.S.C. § 1738. *Noel v. Hall*, 341

10

F.3d 1148, 1166 (9th Cir. 2003). Section 1738 commands a federal court to accept the claim preclusion rules chosen by the state in which the judgment is taken. *Id.* (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482 (1982)); accord *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996). Thus, with regard to the state action, Plaintiff's ability to sue in federal court is limited by Section 1738 and California law of res judicata.

Under California law, res judicata applies if: (1) the issues decided in the prior adjudication were identical to the issues raised in the present action; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the plea is raised was a party or was in privity with a party to the prior action. *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003) (citing *Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n*, 6 Cal. App. 4th 1053, 1065 (1998)). Under California law, "the finality required to invoke the preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has been exhausted or the time to appeal has expired." *Franklin & Franklin v. 7-11 Owners for Fair Franchising*, 85 Cal. App. 4th 1168, 1173 (2000) (citing *Producers Dairy Delivery Co. v. Sentry Ins. Co.*, 41 Cal. 3d 903, 910-11 (1986)).[6]

Because Plaintiff has appealed the state court judgment and that appeal is still pending, there is not yet a final judgment in the state court action. Therefore, even assuming the other requirements of res judicata are met as to the state court action, that doctrine does not provide a basis for dismissal of Plaintiff's complaint.

### b. Collateral Estoppel

Defendants also suggest that the doctrine of collateral estoppel bars Plaintiff's claim. The doctrine of collateral estoppel provides that a party to an action, or one in privity with a party, is barred from subsequently re-litigating issues actually litigated and decided in a prior proceeding. *United States Golf Ass'n v. Arroyo Software Corp.*, 69 Cal. App. 4th 607, 615 (Ct. App. 1999). *Id.* at 616. The doctrine of collateral estoppel, like the doctrine of res judicata, requires a final judgment

---

[6] As discussed below, California's rule on finality differs from the federal rule, under which a district court judgment has preclusive effect unless and until it is reversed on appeal. *See Sosa v. DirecTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006).

11

on the merits. *Id*. As discussed above, however, there is no final judgment on the merits in the state court action because Plaintiff's appeal is pending. Therefore, the doctrine of collateral estoppel does not apply with respect to the state court action.

### 2.     The Prior Federal Action

#### a.     Res Judicata

Where a prior action was litigated in federal court, the preclusive effect of the judgment in that action is governed by federal law. Under federal law, res judicata bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citing *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). Under federal law, three elements are required in order to establish that the doctrine of res judicata applies: 1) identity of claims; 2) a final judgment on the merits; and 3) identity or privity between the parties. *Id*.

The Ninth Circuit looks to the following criteria in determining whether the claims asserted in successive lawsuits are sufficiently identical: (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is present in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Gordon v. Impulse Mktg. Group, Inc.*, 375 F. Supp. 2d 1040, 1049 (E.D. Wash. 2005) (citing *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982)). The most significant of these factors is "whether the two suits arise out of the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d at 714. In determining whether the two suits arise from the same transaction, the Court considers whether they "are related to the same set of facts and whether they could conveniently be tried together." *Gordon*, 375 F. Supp. 2d at 1049.

In the prior federal action, Plaintiff challenged the propriety of a 1993 seizure of chemicals from his property without a warrant or hearing. Although there may be overlap between the actions, the Court notes that Plaintiff makes no mention of seized chemicals in this action and it is not apparent from the face of the Complaint that the seizure of the chemicals was related to the conduct complained of in this action. Therefore, the Court concludes that the doctrine of res judicata, as it

relates to the prior federal action, does not support dismissal of Plaintiff's Complaint under Rule 12(b)(6).

### b. Collateral Estoppel

Defendants also suggest that Plaintiff's Complaint should be dismissed on the basis of collateral estoppel as that doctrine applies to the prior federal action, although they do not identify the specific issues that they assert are barred under this doctrine in their brief. The Court concludes that, based on the pleadings, it is not indisputable that collateral estoppel applies and, therefore, dismissal on this basis is inappropriate at this stage of the case.

Collateral estoppel, or issue preclusion, refers to the "preclusive effect of a judgment in foreclosing relitigation of issues that have been actually and necessarily decided in earlier litigation." *In re Reynoso*, 477 F. 3d. 1117, 1122 (9th Cir. 2007). Collateral estoppel bars re-litigations of issues if three requirements are met: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom issue preclusion is asserted was a party or in privity with a party at the first proceeding. *Id*.

As discussed above, it is not clear from the allegations in the complaint that the prior federal action involved the same issues as are raised in this action. Therefore, dismissal of Plaintiff's Complaint on this basis is improper.

### F. The Colorado River Doctrine

Defendants suggest that the Court should decline to exercising jurisdiction in this matter because of the pendency of plaintiff's appeal in state court, under *Colorado River Water Conservationist Dist. v. United States*, 424 U.S. 800, 817 (1976). The Court agrees.

"[I]n situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts," a federal court may, under "exceptional" circumstances, dismiss an action based on the principles of "[w]ise judicial administration, . . . conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservationist Dist. v. United States*, 424 U.S. 800, 817-18 (1976). The *Colorado River* doctrine is an exception to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* It is also

13

distinct from traditional abstention doctrine, which is based on "regard for federal-state relations" and "considerations of proper constitutional adjudication." *Id.* The decision to defer to a state court proceeding is left to the discretion of the district court. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983).

In *Colorado River*, the Court enumerated four factors that courts should consider in determining whether "considerations of wise judicial administration" outweigh the duty to exercise federal jurisdiction: (1) whether either the state or federal court has exercised jurisdiction over a *res*; (2) the relative inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction. 424 U.S. at 818. In *Moses H. Cone*, the Court added two more considerations: (5) whether federal law provides the rule of decision on the merits; and (6) whether the state court proceeding can adequately address the rights of the federal plaintiff. *Moses H. Cone*, 460 U.S. at 23. In addition, the Ninth Circuit has added another factor: (7) whether the exercise of jurisdiction would encourage forum-shopping. *Fireman's Fund Ins. Co. v. Quackenbush*, 87 F.3d 290, 297 (9th Cir. 1996). "These factors are to be applied in a pragmatic and flexible way, as part of the balancing process rather than a 'mechanical checklist.'" *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988) (*quoting Moses H. Cone,* 460 U.S. at 16). "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one. 'Only the clearest of justifications will warrant dismissal.'" *Great Lakes Dredge and Dock v. Campbell*, 2007 WL 3023126 (N.D. Cal. Oct. 15, 2007) (quoting *Travellers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990) (quoting *Colorado River*, 424 U.S. at 819)).

The Court concludes, based on a careful balancing of the factors listed above, that it is appropriate to enter a stay in this case under *Colorado River*. The state court was the first to assume jurisdiction over the property that forms the basis of Plaintiff's claims in this action. The proceedings in state court are at a far later stage than they are in this action; discovery has been completed and a trial has been conducted. Moreover, state law would provide the law of decision with respect to key questions raised by Plaintiff's claims, namely, questions regarding res judicata, collateral estoppel, and equitable tolling of the statute of limitations. Further, it is highly likely that the state court will

resolve issues with crucial implications for Plaintiff's claims in this action, possibly entering a final judgment in that action that will drastically change the legal and factual issues in this case. Such piecemeal litigation is inefficient and may lead to arbitrary result.

Finally, the Court does not find evidence in the record that raises serious questions as to the adequacy of the state forum. Although Plaintiff is dissatisfied with the outcome of the state court trial, that judgment is now being appealed. In any event, the fact that Plaintiff did not succeed at trial does not necessarily mean the forum was inadequate. Nonetheless, to the extent that the state court may, for some unexpected reason, provide an inadequate forum for resolution of the issues between the parties, the Court stays this action rather than dismissing it. *See Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 244 (9th Cir. 1989) (holding that "[b]y using a stay, a district court invoking *Colorado River* will not need to make premature and speculative legal findings about the preclusive effect of various possible state judgments in choosing between a stay and a dismissal.")

## V.   CONCLUSION

For the reasons stated above, the Motion is GRANTED in part and DENIED in part. The Court DENIES the Motion with respect to Defendants' request for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court GRANTS the Motion to the extent that it STAYS this action, under *Colorado River*, pending final resolution of the parallel state court action. In the interim, the Clerk is instructed to ADMINISTRATIVELY CLOSE the file in this case. Counsel for Defendants shall inform this Court within fifteen (15) days following resolution of the state court action. Should Plaintiff wish to reopen this case on the basis that the state court did not offer an adequate forum for resolution of his claims, the Court will set a briefing schedule and hearing to consider that issue. Plaintiff's request to proceed *in forma pauperis* is GRANTED.

IT IS SO ORDERED.

Dated: November 7, 2007

JOSEPH C. SPERO
United States Magistrate Judge